[No. 1124.  Decided June 19, 1894.]

WILLIAM DONAHUE, *Appellant*, v. THOMAS JOHNSON *et al.*, *Respondents.*

| 9 | 187 |
|---|---|
| 26 | 201 |
| 26 | 204 |

| 9 | 187 |
|---|---|
| e41 | 72 |

| 9 | 187 |
|---|---|
| 42 | 572 |

ACTION ON INJUNCTION BOND — DAMAGES — FINAL JUDGMENT — EVIDENCE.

In a suit involving an application for an injunction, and in which a temporary injunction had been granted, a judgment, after a hearing upon the merits, that "defendant is entitled to a dissolution of the restraining order heretofore issued against him herein, and that he go hence with costs," is a final judgment, and not merely an interlocutory order dissolving an injunction; and such judgment may be offered in proof in an action upon an injunction bond. (HOYT, J., dissents.)

Attorney fees are not recoverable in an action on an injunction bond, where no motion for the dissolution of the injunction is made, and it is allowed to stand until defeated by a trial upon the merits.

The fact that the owner of a mining claim sold it for a less sum of money after the dissolution of an injunction against his working it than he could have procured prior to the injunction, does not entitle him to recover the difference, in the absence of allegation and proof that the claim was less valuable because of the injunction than it was before.

A general allegation of ownership of a mining claim is sustained by proof of a right to occupy under the mining laws of the United States, although the fee remains in the government. (HOYT, J., dissents.)

*Appeal from Superior Court, Kittitas County.*

*Fairfield & Cross*, and *Ralph Kauffman*, for appellant.

*Arthur, Lindsay & King*, for respondents.

The opinion of the court was delivered by

STILES, J.—This is an action for damages upon an injunction bond. The principal point in the case, and the one upon which the non-suit was granted, grew out of the fact that appellant, in attempting to show the termination of the injunction, offered in evidence a judgment, which the court held not to be a final judgment in the cause, and therefore not the proper basis for a suit upon the injunction bond. The complaint in this case alleged that at a certain time the plaintiff was the owner and in possession of a certain mining claim, and was prosecuting mining work thereon, whereupon the principal defendant in this action commenced a suit against him to recover possession of the mining claim, and procured a temporary injunction in said action restraining and enjoining the plaintiff from working the mining claim, or in any manner interfering with it. The record in the former case was introduced, by which it appeared that the complaint alleged that the defendant had attempted to relocate and appropriate the mining claim while it was still a lawful mining claim under a location and appropriation made by the plaintiff, or his grantor, and while the defendant was an employé of, or person holding a fiduciary relation connected with the mine under, the plaintiff. It was not clear from the complaint whether the pleader expected to recover possession of the claim under that suit or not, although it was prayed that defendant be declared the trustee of the plaintiff, and that

plaintiff be declared to be the owner of the claim, and it would seem that the complaint was framed with a view of possibly obtaining all the beneficial effects of a judgment in his favor for everything short of a writ of restitution, including a conveyance of the mining claim if it should be found that the defendant had really made a location.

So far as concerns the objection which the respondents here make to the introduction of papers in the former case, on the ground that a suit for possession is pleaded, whereas an action in equity is proved, it is not well taken, as it is immaterial what kind of an action had been commenced if in fact an injunction was procured in connection with it.

An order was made by the court referring the former case to a commissioner to take the testimony, and report findings of fact and conclusions of law. After the commissioner had performed his work, and made his report, in which he found all the issues in favor of the defendant, and recommended that he have a decree establishing in him the right of possession of the mining claim, that he go hence with his costs, and that the restraining order issued against him should be dissolved, came the judgment which is in dispute, which recites that the cause came on to be heard upon the exceptions of the plaintiff to the report of the referee, and that after argument on both sides, the court being fully advised, ''ordered, adjudged and decreed that the said report be affirmed excepting as to the last conclusion of law therein, which shall be changed so as to read 'that defendant is entitled to a dissolution of the restraining order heretofore issued against him herein, and that he go hence with costs.' Wherefore by reason of the law and the premises it is ordered, adjudged and decreed that the restraining order heretofore issued in this cause against defendant be and the same is hereby dissolved, and that defendant have and recover of plaintiff his costs herein, amounting to the sum of —— dollars.''

Thus, the only change which the court assumed to make in the report of the referee was in that part of it wherein the referee recommended that defendant have affirmative relief which he had not prayed for in his answer against the plaintiff. Respondents contend that this was not a final judgment in the action, but merely a disposition of the temporary injunction which had been issued in aid of the principal suit. We have no doubt that this judgment was intended to be, and was treated by the parties as, the final judgment in the case, and the full disposition of the action upon its merits. The judgment shows that one of the matters which the court affirmed was that the defendant go hence with his costs, which means that he be dismissed with his costs. Had the purpose of the judgment been merely to vacate an injuction, neither the parties nor the court would have thought of putting such an order in the shape of a judgment. Moreover the record fails to show that any motion to vacate was ever made. The only proceeding was a reference of the case to the commissioner. He heard the cause upon its merits and made his report thereon; the court passed upon the merits of the action, and intended to terminate it. The dismissal of the defendant with his costs, or an order that he go hence, was itself a final judgment, and would have operated to dissolve the injunction even though it had not been mentioned. It was error, therefore, not to have received the judgment in evidence.

One of the points upon which it is urged the court erred against appellant was in connection with his attempt to prove payment of attorney's fees. The commonly accepted rule is that reasonable compensation paid as counsel fees, paid in procuring the dissolution of an injunction, may be recovered in an action on a bond. 2 High, Injunctions (3d ed.), § 1685.

But counsel fees thus allowable must be those connected

with the motion, or other similar proceeding for the dissolution of the injunction, and do not cover the general expenses of defending the merits of the action. *Newton v. Russell*, 87 N. Y. 527; *Trapnall v. McAfee*, 3 Metc. (Ky.) 34 (77 Am. Dec. 158); *Bustamente v. Stewart*, 55 Cal. 115; *Porter v. Hopkins*, 63 Cal. 53.

Inasmuch as no motion for the dissolution of the injunction appears to have been made in this case, but it was allowed to stand until the action was tried upon its merits, and simply failed because of the decision upon the merits, under the foregoing authorities no attorney's fees could be recovered.

The complaint alleged that at the time the injunction was served plaintiff had contracted to sell his mining claim for fifteen thousand dollars, and that by reason of the injunction the intending purchaser refused to complete the contract, and subsequently the claim was sold for thirteen thousand dollars, and damages on this ground were alleged at two thousand dollars. Such damages could not be recovered. There is no allegation and no proof that the mining claim was less valuable after the injunction, or because of it, than it was before. If, after the injunction was dissolved, he saw fit to sell it for less than the former contract price, that was a matter entirely within his own control.

Respondents insist that a demurrer which they claimed to have filed should be considered in determining the disposition of this case. No demurrer is found in the record, but we shall consider the principal point which is urged against the complaint notwithstanding. It is urged that the court ought not to have permitted the plaintiff to substantiate his allegations of ownership of the mining claim by proof of location and possession, but should have required proof of ownership in fee by patent from the United States. The allegations of ownership were in refer-

ence to the subject matter, which was a mining claim. A mining claim is a license extended by the United States to individuals to take minerals from certain areas of public lands, the possession of which is secured to the licensee by complying with the laws and mining rules. One who locates and takes possession of and works a claim of this kind is the owner of it, although the legal title to the land may remain in the United States. The position of the respondents is that even if a title less than a fee from the government can be shown, still the facts constituting the basis of the claimant's right must be set forth, instancing *Thomas v. Chisholm*, 13 Colo. 105 (21 Pac. 1019); *Lee Doon v. Tesh*, 68 Cal. 51 (6 Pac. 97); *Anthony v. Jillson*, 83 Cal. 296 (23 Pac. 419), in support of their proposition. But those cases were all cases of adverse claims obtained under the Revised Statutes of the United States, and the proceedings therein were of such a character that it was eminently necessary that each fact showing the qualification of the claimant, and the due location and maintenance of his claim, be made clear, inasmuch as the court was called upon to decide, as between two or more claimants, which one was entitled to have a patent from the government. But in a case of this kind no such reasons exist for setting forth the facts constituting the claimant's right. He asserts that he is owner, and is entitled thereunder to prove any state of facts which gave him the rights which he claims to have been interfered with by the injunction. *Lozo v. Sutherland*, 38 Mich. 168; *Railroad v. Boyer*, 13 Pa. St. 497.

There remain in the case some allegations of damage connected with the interference with plaintiff's mining work, and his losses by reason of having to support a number of men in idleness during the period covered by the injunction. But it would be improper for us at this time to pass upon questions raised in that connection.

Under the condition of this case we are unable to say whether the specific damages alleged to have been suffered would be provable or not, since the evidence was all rejected, and stands merely upon offers, the case having been disposed of finally upon the proposition of the insufficiency of the judgment.

Judgment reversed, and cause remanded for a new trial.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J. (*dissenting*).—As I read the complaint of the plaintiff, there was no allegation contained therein that there had been any final judgment rendered in the case in which the injunction bond was given. Construing the allegation in regard to the breach of the condition of the bond as favorably to the pleader as the language will warrant, it amounts to no more than that the injunction had been dissolved, and in no wise sets forth any facts from which it could be gathered that a final judgment in the case had been rendered. For this reason the proof offered in relation to the final judgment was unsupported by the pleadings, and should have been excluded.

I am also of the opinion that a general allegation of ownership is not sustained by proof of a right to occupy under the mining laws of the United States.

For these reasons I am compelled to dissent from the conclusion arrived at by the majority of the court.