[No. 5761.  Decided December 20, 1905.]

O. A. THOMPSON *et al., Respondents,* v. H. M. BENSON *et al., Appellants.*[1]

APPEAL AND ERROR—BRIEFS—STRIKING FOR FAILURE TO CONTAIN FINDINGS. Appellants' brief on appeal will not be struck out for failure to print the findings of fact when they are thereafter printed in the reply brief.

INJUNCTIONS—ACTION ON BOND—ATTORNEYS FEES IN PROSECUTING UNSUCCESSFUL ATTEMPT TO DISSOLVE—LIABILITY. Attorney's fees paid in an unsuccessful attempt to dissolve an injunction cannot be recovered in an action upon the injunction bond, where the action of the court in refusing to dissolve the injunction was affirmed on appeal, even though the plaintiff afterwards voluntarily dismissed the injunction.

SAME—ADMISSIONS—VOLUNTARY DISMISSAL. The voluntary dismissal of an injunction does not necessarily admit that it was wrongfully sued out.

Appeal from a judgment of the superior court for Lincoln county, Chapman, J., entered December 19, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on an injunction bond. Reversed.

*H. A. P. Myers* and *Merritt & Merritt,* for appellants.

*Martin & Grant,* for respondents.

1Reported in 82 Pac. 1040.

DUNBAR, J.—This is an action on an injunction bond.    An
action was pending between Thompson and wife and Benson
to determine the ownership of a certain tract of land.    On
February 14, 1902, a judgment was entered decreeing that
Thompson and wife, plaintiffs in this action, were the owners
of said land.    This judgment was afterwards approved by
this court.    *Thompson v. Benson,* 29 Wash. 735, 70 Pac.
1135.    In such proceedings Benson executed the injunction
bond to restrain Thompson and wife from disposing of a crop
of wheat raised on the land in dispute.    After the commence-
ment of the injunction proceedings, Thompson and wife
moved to dissolve said injunction, which motion was denied
by the court, and appeal was taken from the order of the
court, and said order was affirmed by this court in the case
of *Benson v. Thompson,* 29 Wash. 735, 70 Pac. 1134.    The
present action is brought to recover damages growing out of
the injunction.    It appears by the findings of the court that
the judgment which was allowed was entirely for attorney's
fees in the prosecution of the motion we have before referred
to, to dissolve the injunction.    From the judgment and de-
cree for said attorney's fees, this appeal is taken.

Respondents move to strike appellants' brief from the files
of this court, for the reason that the findings of fact are not
printed therein.    This objection has been obviated by the
printing of the findings of fact and conclusions of law in a
reply brief filed by the appellants.    There seems to be no
merit in the motion to strike the statement of facts.

The question involved is simply, can the respondents re-
cover on the injunction bond for attorney's fees alleged to
have been paid in an unsuccessful attempt to dissolve the
injunction?    We think the court erred in giving judgment
for such attorney's fees.    It is undoubtedly the general rule
that, where an injunction has been wrongfully sued out, a
reasonable amount of compensation paid for counsel fees in
procuring the dissolution of such injunction may be recovered

in an action for damages; and Mr. High, in his work on Injunctions (3rd ed.), § 1886, gives as a reason for the rule that the allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that the party has been compelled to employ aid in ridding himself of an unjust restriction which has been placed upon him by the action of the plaintiff. But the reason of the rule would fail in this case, for the respondents failed to establish the fact that the injunction was an unjust restriction. In fact, this court, in affirming the action of the lower court in refusing to dissolve the injunction, especially held that the court was justified in not dissolving the same. It is true that the appellant Benson afterwards voluntarily dismissed the injunction proceedings; but it does not follow, as is argued by the respondents, that that was an admission that the injunction should not originally have been granted. The object of the injunction, no doubt, was to hold the property *in statu quo* during the litigation. The conditions may have so changed before the voluntary dissolution that the injunction was no longer necessary. In any event, that the injunction was properly issued had been determined by a final adjudication. It was held in *Donahue v. Johnson*, 9 Wash. 187, 37 Pac. 322, that attorney's fees are not recoverable in an action on an injunction bond, where no motion for the dissolution of the injunction is made, and it is allowed to stand until defeated by a trial upon the merits. The condition of this case, after the motion for the dissolution had failed, was exactly as though no motion had been made. Certainly the respondents could not place themselves in any better light and recover any more costs from the appellants by reason of the fact that they had made a motion for relief which they were not entitled to, and that they were not entitled to such relief was a question which we have seen had been adjudicated.

We have examined the cases cited by the respondents, but do not think they sustain their contention, and under author-

ity and reason, this judgment cannot be sustained.   It will therefore be reversed.

MOUNT, C. J., ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.