[No. 5922.    Decided April 18, 1906.]

WHITE PINE LUMBER COMPANY, LIMITED, *Appellant*, v.
AETNA INDEMNITY COMPANY, *Respondent*.[1]

BONDS—INJUNCTIONS—ACTION UPON—PREVENTING CUTTING OF TIM-
BER—RIGHT TO CUT—NONSUIT. In an action upon an injunction bond
for damages sustained by reason of an order temporarily restraining
the cutting of timber on certain lands, a nonsuit is properly granted,
where the complaint alleged that the plaintiff was engaged in cutting
timber as it lawfully might do, and where it was denied that the
plaintiff had any right so to do, and no evidence was offered of any
right in the plaintiff to cut such timber.

SAME—ATTORNEY'S FEES—COSTS—WHEN NOT COVERED BY BOND.
In an action upon an injunction bond, given upon show cause
orders temporarily restraining the cutting of timber, the plaintiff
cannot recover for the fees of attorneys employed in the matter,
where their efforts were directed against the issuance of an injunc-
tion *pendente lite*, and no motion was made to dissolve the tempo-
rary orders; nor could the usual costs of the action be recovered as
an expense growing out of the orders and covered by the bond.

Appeal from a judgment of the superior court for Spo-
kane county, Morris, J., entered June 13, 1904, upon grant-
ing a nonsuit, in an action upon injunction bonds. Affirmed.

*O. C. Moore,* for appellant.

*P. C. Shine* and *W. L. Husbands,* for respondent.

ROOT, J.—On the 6th of June, 1903, in an action then
pending in the superior court in Spokane county, wherein
one Howard Gumaer and wife were plaintiffs, and this ap-
pellant was defendant, a temporary restraining order was
issued, enjoining appellant from cutting or removing timber
from certain lands described in the complaint therein. Said
restraining order directed this appellant to appear before
said superior court on the 23d day of June, 1903, to show
cause why an injunction *pendente lite* should not be issued
by the court. On said return day, appellant appeared by

[1]Reported in 85 Pac. 52.

counsel, and the application for the injunction *pendente lite* was denied, and the proceedings quashed, it appearing that service had not been made upon any authorized officer or person. Thereupon said Gumaer and wife applied for, and secured, the issuance of a second restraining order, similar to that previously issued, and requiring this appellant to appear before said court on the first day of July, 1903, to show cause why an injunction *pendente lite* should not be issued. Upon the return day appellant appeared and demurred to the complaint in the action, which demurrer was subsequently by the court sustained, and the action dismissed.

Each of the two restraining orders provided that said Gumaer and wife should give a bond before said orders should be effective. They gave, in each instance, such a bond, with this respondent as surety thereupon. The present action is to recover against respondent upon said bonds, for damages alleged to have been suffered by reason of the issuance of said restraining orders, said alleged damages consisting of attorney's fees, court costs and losses arising from enforced idleness of teams, men, machinery, etc., during the time said restraining orders were in force. The cause came on for trial before a court and a jury. At the close of plaintiff's case, the defendant challenged the sufficiency of the evidence, and moved for a judgment dismissing plaintiff's action, which challenge and motion were sustained by the court. From the judgment thus entered, this appeal is taken.

Appellant's complaint in this action contained the following allegation: "That on the 6th day of June, 1903, and for some time prior thereto, this plaintiff had been engaged, as it lawfully might, in cutting and removing timber from lots 5 and 6, of section 27, in township 56, north of range 5, west of the Boise Meridian." Respondent expressly denied that appellant was at said time, or any time, lawfully engaged in cutting and removing timber from said lands, or that it could be lawfully engaged in so doing. Appellant

offered no evidence whatever to establish this allegation of its right to cut and remove said timber. It appears from certain things occurring in the course of the trial that the timber and land in question were claimed by said Gumaer and wife. It was the opinion of the trial court that any interference with teams, men, machinery, etc., employed in cutting this timber would not constitute damages for which it could recover as against this bond, unless some right of appellant was interfered with. If the company had no right to cut this timber or go upon these premises, it could not be said to have been damaged by being prevented from so doing. We think this position is tenable, and must be sustained.

Appellant urges that it is entitled to recover attorney's fees expended in having the restraining orders dissolved. The record, however, fails to show that any such services were rendered. No motion was made to dissolve either of the restraining orders. On the return day of each, appellant by counsel appeared and resisted the application for the granting of an injunction *pendente lite;* and upon the first occasion the proceeding was quashed for the reason that there had been no service, and upon the second return day a demurrer was sustained to the complaint and the action dismissed. The result in each case was to terminate the restraining order; but in each case said order became *functus officio.* The restraining order was effective merely to the time of the hearing. It would then be superseded by the injunction *pendente lite,* if the court saw fit to grant such. No motion to dissolve was directed against either of the restraining orders, and no order was made dissolving either. Consequently it cannot be said that any attorney's fees were occasioned on account of said orders. Attorneys were employed to resist the applications for the injunctions *pendente lite,* and to have the proceedings quashed and the action defeated. The expense incurred in employing attorneys for such purposes would not be a charge against the sureties upon

the bonds given to render the restraining orders effective. *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322; *Thompson v. Benson,* 41 Wash. 70, 82 Pac. 1040.

As to the court costs, what has already been said would in a measure apply to the question of their allowance. When the defendant appeared, he was required to pay the usual appearance fee of $2. The restraining orders had nothing to do with this expense, which was one that would be occasioned by the bringing of any action regardless of the suing out of restraining orders.

Finding no error in the record, the judgment of the lower court is affirmed.

MOUNT, C. J., CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.