[No. 6628. Decided January 7, 1908.]

T. E. Collins *et al.*, *Plaintiffs and Appellants*, v. Fred B. Huffman, *Respondent*, and Fidelity & Deposit Company, *Defendant and Appellant*.[1]

Appeal — Review — Harmless Error — Admission of Evidence. Error in permitting a witness to answer a question as to whether he had made a contract for certain specified reasons, which reasons were sought to be shown, is without prejudice when the witness answered that he had made no such contract.

Bonds — Actions — Damages—Evidence—Admissibility. In an action upon injunction bonds to recover damages by reason of being deprived of the control of a business, evidence as to the collectibility of a certain account is inadmissible where it appears that the account was not taken in charge by the defendants, under the injunction, or its collection taken from the plaintiffs.

Same. In an action upon injunction bonds to recover damages by reason of the dissipation of a stock of goods, evidence of what the remnant of the stock sold for after dissolution of the injunction is immaterial, where the defendants were charged with the invoice price of the stock; since the invoice price of the remnant, which was turned over to a jobbing association, should be credited to the defendants.

Appeal—Review—Harmless Error. Error in overruling an objection to a question is without prejudice when the witness stated that he could not answer the question.

Same—Prejudice. The burden is upon appellants to show that errors alleged operated to their prejudice.

Trial — Instructions in Writing — Statutes — Construction. Where a stenographic report of instructions to the jury is made by a stenographer employed by both parties, he is sufficiently under the control of the court to constitute his report "instructions in writing," within the meaning of Laws 1903, p. 119, § 1, requiring written instructions upon demand, provided that a stenographic report of the charge shall be considered a charge in writing.

Trial—Instructions—Prejudice. Instructions as to damages, if the jury find "any at all" in a case in which nominal damages were conceded, did not mislead the jury where they found substantial damages.

[1]Reported in 93 Pac. 220.

SAME—BONDS—ACTIONS—DAMAGES. In an action upon injunction bonds for damages by reason of being deprived of the control of a business, no prejudice results from the fact that the instructions inadvertently failed to permit recovery of damages for a certain day, where it was not shown that there was any change of conditions or particular damages sustained on such day.

SAME—ATTORNEYS FEES AS DAMAGES. In an action upon an injunction bond, damages for attorney's fees paid are not recoverable where there is no evidence that any attorney's fees were incurred or paid by reason of the injunction separate and distinct from the other issues involved in the case.

SAME. In an action upon injunction bonds to recover damages by reason of being deprived of the control of a business, it is not error to instruct that the jury may award damages by reason of a temporary injunction which was in force for six days, where under the evidence it was for the jury to say whether any actual damages accrued.

INJUNCTION—ORDER FOR—CONSTRUCTION. Upon a hearing after the issuance of a temporary injunction, an order that the injunction be continued *pendente lite*, and that "an injunction forthwith issue," as prayed for, does not require that another injunction be formally issued, as the order was intended to operate as an injunction upon the filing of the required bond, and to make the temporary order effective thereafter.

Cross-appeals from a judgment of the superior court for Spokane county, Poindexter, J., entered May 3, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action upon injunction bonds. Affirmed.

*Cullen & Dudley*, for appellants.

*Danson & Williams*, for respondent Huffman and appellant Fidelity & Deposit Company.

HADLEY, C. J.—This is a suit for damages based upon two injunction bonds. The bonds were executed by the defendant Fred B. Huffman and another, with defendant Fidelity & Deposit Company of Maryland as surety. The facts stated in the complaint are substantially as follows: On the 23d day of December, 1903, in an action then pending in the dis-

trict court of the first judicial district of the state of Idaho, wherein one George. W. Huffman and the defendant Fred B. Huffman were plaintiffs, and the plaintiffs herein were defendants, a restraining order was issued whereby these plaintiffs, the defendants in the former action, were restrained from in any manner interfering with the stock of merchandise, books of account, accounts, and personal property belonging to the Collins Mercantile Company, located at King's Spur, Kootenai county, Idaho, and from in any way interfering with the possession thereof by the said Huffmans until the further order of court. Upon the issuance of the restraining order an injunction bond in the sum of $1,500, as required by the court, was executed by the persons aforesaid, as plaintiffs in said action, and by said surety company. It is alleged that thereafter, on or about December 31, 1903, upon the hearing of the order to show cause why the restraining order should not be continued in force pending the suit, the court duly made an order continuing the injunction in force, upon the condition that the plaintiffs in the action should file an additional bond in the sum of $5,000. A bond in said sum, executed by the same obligors who made the first one, was thereupon duly executed and filed.

It is further alleged that such proceedings were thereafter had in said action that, on or about May 5, 1905, the said Idaho court finally decided that the plaintiffs in the action were not entitled to the injunction, and that a judgment was entered therein in favor of these plaintiffs. The claim for damages herein is based upon an alleged dissipation of the stock of goods and accounts, and destruction of the business of these plaintiffs during the time the said Huffmans were in possession thereof by authority of said injunction orders. The complaint fixes the damages at more than $12,000. The answers of the defendants admit the issuance of the injunction orders and the execution of the bonds, but they deny that plaintiffs were damaged in any sum. A trial was had before a

jury, a verdict was returned in favor of the plaintiffs for the sum of $750, and judgment was entered in accordance with the verdict. The plaintiffs, and also the defendant Fidelity & Deposit Company of Maryland, have appealed.

The appeal of the plaintiff-appellants is prosecuted upon the contention that the trial court proceeded upon an entirely erroneous theory, or the result which was effected in the case could not have been reached. It is contended that the evidence shows an investment by appellants of $7,000 in a profitable business; that the business was taken away from the owner by a voluntary wrongdoer through the means of a writ of injunction, and was run and controlled by such wrongdoer for nearly a year and a half, at the end of which time the whole investment of $7,000 was lost; that for such loss directly caused by the wrongdoer, damages in the sum of $750 only have been awarded. The appellants have assigned many errors, and an examination of them becomes necessary to determine whether the cause was tried upon an erroneous theory.

It is first assigned that the court erred in permitting the witness Severance to answer the question as to whether it was true that he had made a contract with the Huffmans because he could not agree with them and wanted to get them out of the Severance-Huffman Company. Severance was interested in the profits of the Collins Mercantile Company, the latter being really the appellant Collins. Severance had also sustained business relations with the Huffmans, the same being referred to as the Severance-Huffman Company. When the question to which objection was made was asked Severance, he was being interrogated about an account which was owing from the Severance-Huffman Company to the Collins Mercantile Company, or really to the appellants. The objection was that there was no contract. An examination we think shows that the question refers to a proposed agreement or mere negotiations as descriptive of the reason why it was sought to sever the Huffmans from the company. The contention now

is that permitting the witness to answer must have created a prejudice in the minds of the jury. The answer was "No," which was equivalent to saying that the witness did not enter into such a contract. Since it appears ·from the context of the record that the thought involved in the question was merely the reason that the Huffmans sought to withdraw, no prejudice could have resulted from the answer of the witness, for the reason that the answer was sufficiently to the effect that there was no contract, which was consistent with the findings of the Idaho court and met the ground specified in the objection.

It is next assigned that the court erred in sustaining an objection to a question asked the witness Severance on re-examination as to the collectibility of the Severance-Huffman company account, which was an account of something more than $2,000 owing to appellants. The purpose of attempting to show the collectibility of the account was to found damages against the Huffmans for failure to collect it when it is claimed appellants were prevented by the injunction from so doing. The same witness had testified already that this account was not taken into the charge of the Huffmans, and ·that he knew during all the time of the Idaho litigation that the Huffmans did not in any way claim the control of this account. This showed that the collection of the account was not taken from appellants by the injunction, and the Huffmans cannot therefore be held responsible for failure to collect it. In view of the witness' previous testimony, the matter of the collectibility of the account became immaterial to the issues in the case, and it was not error to sustain the objection.

It is next urged that it was error to sustain an objection to a question asking what the stock of goods brought when sold by the Spokane Jobbers Association. After the injunction was dissolved, a stipulation was made between the parties for joint possession of the store for a time, and later it was turned over to the control of appellants, who placed it in the

hands of the Spokane Jobbers Association. In estimating the amount of property, appellants had charged the respondents with the full invoice price of all goods which were turned over at the time of the injunction. Respondents were therefore entitled to credit in the same way for the invoice amount of all that were turned back to appellants. These having been turned over to the Spokane Jobbers Association by appellants themselves, it became immaterial so far as respondents were concerned what prices the goods brought.

It is also contended that it was error to overrule appellants' objection to a question asked a witness as to whether, with a few goods added, the store could have been run longer and all the outstanding accounts collected. This witness was in charge of the stock for the Spokane Jobbers Association which, as we have seen, held it under the direction of appellants. Whatever may be said as to the materiality of the question, no prejudice could have resulted therefrom in view of the answer of the witness. The answer was: "It would be hard for me to say. I could not swear to that."

A number of other errors are assigned upon the admission and rejection of testimony, but while counsel say they do not waive them, they have not discussed them in their brief. The burden is upon appellants to show wherein they have been prejudiced. Errors to be available for reversal must operate to the injury of the complaining party. *Brown Brothers & Co. v. Forest*, 1 Wash. Ter. 202; *Jose v. Stetson*, 20 Wash. 648, 56 Pac. 397. We find no prejudicial error in the particulars mentioned.

It is next contended that the court instructed the jury orally, and that this was error in view of the fact that appellants had seasonably requested written instructions. The record shows that one stenographer was employed by both parties to report the case at the trial, and that she did report it, including the taking of the court's instructions. She was therefore under the control of both parties. The pertinent

part of the statute upon this subject is found in subd. 4 of § 1, Laws 1903, page 119, as follows:

"When the evidence is concluded, either party may request the judge to charge the jury in writing, in which event no other charge or instruction shall be given, except the same be contained in the said written charge; . . . *Provided further*, That whenever in the trial of any cause, a stenographic report of the evidence and the charge or instructions of the court is taken, the taking of such charge or instructions by the stenographic reporter, shall be considered as a charge or instruction in writing within the meaning of this section."

Appellants contend that, on the authority of *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, the instructions as given by the court in the case at bar were not in conformity with the above statute. In the case cited it was said that there were two stenographers present at the trial taking a report of the case, one employed on behalf of the prosecuting attorney and the other by the defendant. Under such circumstances it was held that the court was not relieved from the obligation to charge the jury in writing, the request therefor having been made. It was stated in effect that, in order to relieve the court of this obligation, the stenographer present must be an official stenographer or one under the direction and control of the court, "so that a copy of the charge could be had if application to the court should be made therefor." It was held that a stenographer employed by one of the parties only is not so under the control of the court that he can be required to furnish a copy of any part of the proceedings either to the court or to the opposing party. The holding was based upon the ground that the report of a stenographer employed by one party only becomes the private property of that party, which is no doubt correct.

Appellants contend here that the stenographer employed in this case was not under the control of the court and was not an official stenographer. Strictly speaking there is, under

our statutes, no such person as an official court stenographer, but a stenographer may be so related to both the parties in a cause as virtually places him under the direction of the court. We think this is true where one stenographer is employed by both parties to report a trial. Such a reporter is under the direction of either party, and if the interest or advantage of either party requires that copies of instructions which the reporter has taken shall be furnished to the court or to such party, the copies must be forthcoming. If the statute quoted is to be given any force at all, it would seem that the court complied with its provisions in this case. The statute was passed with knowledge that we have no official stenographers, and in view of that fact we think it was intended to meet just such cases as the one at bar. This holding in no way conflicts with *State v. Mayo, supra,* the facts of which were materially different from those now before us.

It is contended that the court gave contradictory instructions in that the jury were first told that they must find damages in some amount, either nominal or actual, and a later instruction contained the expression "so that you will bear in mind in finding your damages in this case, if you find any at all," etc. Appellants argue that the above expression conflicts with the first instruction, for the reason that it gave the jury liberty to find no damages whatever. The jury must have understood the court to refer to actual damages when it used the words "if you find any at all," for the whole case had been tried upon the theory that nominal damages were recoverable. That the jury were not misled is evidenced by the fact that the verdict which was returned was for substantial actual damages.

It is next urged that the court erred in instructing that damages under the second or $5,000 bond must be confined to the matters occurring subsequently to December 31, 1903, the date of that bond. The injunction order, upon which that bond was based, was dated December 29, 1903, and the

instruction also limited the recovery of damages under the
first or $1,500 bond to the period between the dates of De-
cember 23 and 29, inclusive. It is therefore argued that the
instruction failed to permit any recovery of damages for De-
cember 30. Appellant's assignment of error is, however, di-
rected to the point that the instruction erroneously directed
that no recovery could be had upon the $5,000 bond between
the dates of December 23 and 29, and no reference is made
to failure to cover the date of December 30. The exceptions
to the instruction also fail to call specific attention to this
point, and we think appellants are not in position to urge it.
But in any event, if the question were properly before us, ap-
pellants have not shown from anything in the record that
there was any change of conditions as between the 29th and
31st of December from which any particular damages were
recoverable for December 30, the omitted day, and no preju-
dice therefore appears.

It is next assigned that the court erred in instructing that
the jury should not allow any damages by way of attorney's
fees, for the reason that there was no evidence showing that
attorney's fees were incurred or paid by reason of the injunc-
tions, separate and distinct from the other issues involved in
the case. We believe the instruction was not erroneous in
view of the evidence and history of the injunction case. It
is well established that the recoverable fees must be for at-
torney's services rendered in securing a dissolution of the
injunction, distinct from any services rendered in connection
with the main case. A restraining order was issued which
contained an order to show cause why a temporary or inter-
locutory injunction should not issue pending the litigation.
No motion was made to dissolve the restraining order, but on
the return day of the order to show cause appellants simply
sought to prevent the issuance of a temporary injunction.
No motion was made to dissolve the latter order, and the at-
torney's services thereafter rendered were upon the trial of

the issues of the main case which resulted merely incidentally in the dissolution of the injunction. Under the rule of law upon this subject, we therefore think no services were rendered by attorneys for which fees are recoverable as damages. *Danahue v. Johnson*, 9 Wash. 187, 37 Pac. 322; *White Pine Lumber Co. v. Aetna Indemnity Co.*, 42 Wash. 569, 85 Pac. 52.

Several errors are assigned upon certain instructions to the effect that the court proceeded upon a wrong theory of the case in considering the business of appellants and that conducted by the Huffmans as one continual business, and instructed that the business, stock, and accounts should be considered as they were at the date the Huffmans took possession, and also as they were at the date they returned possession. Appellants contend that their business, as it was when the Huffmans took possession, should be considered alone, and that they have nothing to do with stock and accounts added during the Huffmans' possession. The evidence shows, however, as already stated, that on the return of the stock appellants took possession of everything and turned all over to the Spokane Jobbers Association, which disposed of the whole without any segregation of the old from the new. We therefore think the court did not err in its theory of the instructions, and we find no prejudicial error as to any other instructions given or refused to appellants. We believe the cause was fairly submitted to the jury and that, inasmuch as the jury were the triers of the facts, their verdict should stand so far as plaintiff-appellants are concerned.

Referring now to the cross-appeal of the defendant-appellant, Fidelity & Deposit Company of Maryland, we find ten distinct assignments of error, all relating to the instructions given or refused. This opinion has already been extended to such an inordinate length by reason of the many questions raised by the plaintiff-appellants, that we find it necessary to abbreviate the discussion of the cross-appellant's appeal. A

specific discussion of each assignment is unnecessary since the points involved may be more generally stated. It is urged that the court erroneously assumed in its instructions that specific damages were shown as resulting from the temporary restraining order. That order it will be remembered continued from December 23 until December 29, inclusive, when the order for an injunction *pendente lite* was issued. It is. contended that no specific damages were shown as resulting from the first order, and that only nominal damages were recoverable upon the $1,500 bond. The jury were specifically told that they should allow no actual damages upon that bond except such as accrued between December 23 and 29. Under the evidence we think it was for the jury, and not for the court, to say whether any actual damages did accrue. The court did not assume to say that actual damages had been in fact proven, but said in reference to actual damages that, if the jury found "any at all," they could allow no damages on the $1,500 bond except such as accrued on and between the dates aforesaid. We think there was no error in this particular.

It is further urged that the cross-appellant is not liable upon the second or $5,000 bond, for the reason that no injunction was issued and served. The order for the injunction *pendente lite* contained the following:

"The cause was argued to the court by respective counsel, and the court being fully advised in the premises orders that the injunction as prayed for by the plaintiffs in their verified amended complaint on file herein be granted, and that the said injunction be continued until the hearing of this cause upon the merits."

It was further ordered that upon giving a bond for $5,000, "an injunction forthwith issue." It is argued that, under the terms of the order, it became necessary, after the bond was filed and approved, to issue a formal injunction order, and that inasmuch as this was not done, there was in fact no injunction and therefore no liability upon the bond. We

think the point is not well taken. The order shows that the court granted by injunction the specific relief asked in the amended complaint. This was definite and certain, and could not have been misunderstood. The words granting the injunction were in the present tense, and were manifestly intended to operate as the injunction order itself upon the filing and approval of the necessary bond. It is true the order afterwards further says that upon the filing and approval of a bond in the sum specified, "an injunction forthwith issue," but in the light of the whole context and the circumstances the words were manifestly intended in the sense that the injunction, which had been previously granted in the order, should forthwith be in effect upon the filing and approval of the bond. The court therefore did not err when it instructed the jury that damages were recoverable under the $5,000 bond, if any were shown to have accrued during the period covered by it.

For the foregoing reasons we conclude that the contentions upon both appeals should be denied, and the judgment is affirmed.

No costs shall be recovered by either appellant.

CROW, ROOT, MOUNT, and FULLERTON, JJ., concur.