JEWEL TEA COMPANY, Appellant, v. W. J. STEWART,
Appellee.

Injunction: REVIEW OF ORDER DISSOLVING TEMPORARY WRIT.  On appeal
1  from an order dissolving a temporary injunction the court will
not try the merits of the case, except as may be necessary
to determine whether the temporary writ should be continued.

Same: MOOT QUESTION.  Where it was sought to restrain an em-
2  ployee from engaging in business within a specified time after
termination of his employment, and such time had expired before
the submission of an appeal from an order dissolving the tem-
porary writ, only a moot question was presented which the court
would not determine.

Injunction: ATTORNEYS FEES:   ACTION ON BOND.  An action on an
3  injunction bond for attorneys fees will not lie until a final de-
termination of the merits of the case; and if the plaintiff is there
found to have been entitled to the writ at the time he brought
the action he can not be charged with attorneys fees, although
the temporary injunction was dissolved.

*Appeal from Linn District Court.*—HON. MILO P. SMITH,
Judge.

WEDNESDAY, MAY 5, 1909.

THIS is an appeal by plaintiff from an order dissolv-
ing a temporary injunction upon motion.—Appeal *dis-
missed.*

*S. K. Tracy,* for appellant.

*Thomas A. Powell,* for appellee.

EVANS, C. J.—On June 25, 1906, the plaintiff was a
nonresident corporation engaged in the business of selling

coffees, teas, spices, etc. It employed the defendant as its agent for such sales in the cities of Marion and Cedar Rapids. By the terms of the written contract entered into between the parties the defendant bound himself that he would not directly or indirectly for himself or others engage in like business in such territory for the term of twelve months after quitting plaintiff's employment. The employment ceased on February 18, 1908., Thereupon the defendant did engage in like business in such territory. The plaintiff brought this action to enjoin him, and obtained a temporary injunction at the time of filing its petition. The defendant answered and filed a motion to dissolve the temporary injunction. The trial court sustained the motion to dissolve the temporary injunction. The hearing on the motion seems to have been very brief, and only the most meager testimony was introduced by either party. From this order dissolving the temporary injunction the plaintiff has appealed.

The defense set up by the defendant in his pleadings is that plaintiff discharged him in violation of the terms of the contract. As against this, the plaintiff contends that he discharged the defendant for a good cause, in that the defendant himself had violated the terms of the contract. These questions are argued here. From the date mentioned it will be noted that twelve months has expired since the employment of the defendant ceased; and such period had expired before the parties had submitted their case to this court. We could not therefore now order a temporary injunction to issue, even though we should find that the trial court improperly dissolved the temporary injunction. We can not try the case on its merits upon this appeal, except so far as such merits must be considered in determining whether the temporary injunction be continued in force. That has now become a moot question.

Appellant urges the case upon our consideration notwithstanding the lapse of time, on the ground that the

finding of the lower court unless reversed upon appeal becomes an adjudication, rendering the plaintiff liable for attorney fees in a future action upon the injunction bond. Appellant's counsel has misconceived the state of the law in that regard. No action can be maintained upon the injunction bond for attorney fees until the final disposition of the main case. If, upon a final hearing on the merits, the trial court should find that the plaintiff was entitled to an injunction at the time it brought its action, such finding would be a defense to an action on the injunction bond for attorney fees, notwithstanding the dissolution of the temporary injunction. *Bank v. Gifford,* 65 Iowa, 648.

The case remains in the lower court for a final hearing upon the merits, and we express no opinion thereon.

The appeal must be *dismissed.*