[No. 12182. Department Two. November 14, 1914.]

FREDERICK BERNE, *Respondent*, v. CHAS. W. MAXHAM *et al.*, *Appellants*.[1]

INJUNCTION—ACTION ON BOND—ATTORNEY'S FEES—LIABILITY. In an action upon an injunction bond, reasonable attorney's fees can be recovered for sums paid for procuring a dissolution of the injunction where the services were successful and the court found that the injunction was wrongfully sued out.

SAME—ATTORNEY'S FEES—WHEN RECOVERABLE. In an action upon an injunction bond, the employment of counsel to procure a dissolution of the injunction, without agreeing upon the specific sum, entitles a successful plaintiff to judgment for a reasonable attorney's fee.

APPEAL—REVIEW—FINDINGS. A finding of $650, for attorney's fees for procuring the dissolution of an injunction will not be disturbed on appeal, where the evidence was conflicting, and the decision appears to be in accordance with the weight of the evidence.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 12, 1913, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Marx & Conger*, for appellants.

*J. W. Quick* and *L. B. da Ponte*, for respondent.

MOUNT, J.—This action was brought to recover damages upon an injunction bond. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for $650. The defendants have appealed.

It appears from the record in the case that, on July 29, 1913, the defendant Maxham brought an action in the superior court for Pierce county against Frederick Berne, the city of Tacoma, and the Bankers' Trust Company, praying for an injunction restraining Berne from collecting about $13,000 from the city of Tacoma. Also restraining the Bankers' Trust Company from collecting any part of that

[1]Reported in 144 Pac. 23.

sum. Upon an *ex parte* application in that action, the court granted a temporary injunction, as prayed for in the complaint. A bond was fixed in the sum of $3,000, which was executed by the United States Fidelity & Guaranty Company. This bond recites that:

"In consideration of the premises and for the issuing of the said injunction, do hereby jointly and severally undertake in the sum of $3,000, and promise to the effect that in case said injunction shall issue, the said plaintiff will pay to the said defendants enjoined such damages, not exceeding the sum of $3,000, as such parties may sustain by reason of the said injunction, if the said superior court finally decide that the said plaintiff was not entitled thereto."

Upon the service of a show-cause order, the plaintiff Berne and the Bankers' Trust Company employed counsel to resist the injunction and to have the temporary order dissolved. Proceedings were thereafter had in the case, and on August 29th, the temporary order was modified so that the defendants were restrained from collecting any part of $2,250. Thereafter, on September 2, 1913, on motion of the defendants, the injunction was dissolved. The order entered recites:

"That the injunction heretofore issued herein was wrongfully sued out as to both defendants, F. Berne and Bankers' Trust Company, . . . and that the same should be dissolved and set aside; and it is so ordered, adjudged and decreed."

Thereupon the plaintiff in that action, upon motion, caused the case to be dismissed. This action was thereupon brought against Maxham, and the United States Fidelity & Guaranty Company, surety upon the bond. The plaintiff alleged that he had been damaged in the sum of $500 for attorneys' fees in securing the dissolution of the injunction, and that the Bankers' Trust Company, had been damaged in the sum of $150 for the same purpose; and that the Bankers' Trust Company had assigned its claim to the plaintiff Berne.

The appellant here makes three assignments of error: First, that there is no liability upon the bond, as a matter

of law; second, that the findings of the court to the effect that the plaintiff had incurred an expense of $500 as attorneys' fees, that said sum was reasonable, and that the Bankers' Trust Company had incurred $150, and that the same was reasonable and incurred solely in procuring the dissolution of the injunction, are not supported by the evidence; and third, in any event, the damages allowed were excessive, and not warranted by the evidence.

In support of the first assignment, counsel for the appellants argue, in effect, that no attorneys' fees are recoverable, because the attorneys were employed to defend the whole case rather than to obtain a dissolution of the restraining order. *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322; *Collins v. Huffman,* 48 Wash. 184, 93 Pac. 220; and *White Pine Lumber Co. v. Aetna Indemnity Co.,* 42 Wash. 569, 85 Pac. 52, are cited in support of this contention. As was stated in *Donahue v. Johnson, supra:*

"The commonly accepted rule is that reasonable compensation paid as counsel fees, paid in procuring the dissolution of an injunction, may be recovered in an action on a bond. 2 High, Injunctions (3d ed.), § 1685.

"But counsel fees thus allowable must be those connected with the motion, or other similar proceeding for the dissolution of the injunction, and do not cover the general expenses of defending the merits of the action."

It is plain from these decisions that, if counsel fees are incurred solely in the dissolution of the injunction, they are recoverable against the bond. It is also plain from the evidence in the case that counsel were employed by the two defendants named in the injunction suit to dissolve the injunction; that the only services they performed in the case were in procuring the dissolution of the injunction; and that these services were successful. The court found, upon their motion, that the injunction was wrongfully sued out as to both defendants. They were clearly entitled, therefore, under these cases, to recover counsel fees therefor.

On the next assignment of error, it is argued that the evidence fails to show that either Mr. Berne or the Bankers' Trust Company incurred any liability for attorneys' fees. It is true that the Bankers' Trust Company agreed upon no specific fee with their counsel. But the evidence clearly shows that they employed the same counsel that Mr. Berne had employed, and it was clearly liable for a reasonable fee which it was obligated to pay. The evidence also shows that the agreed fee between Berne and the same counsel was $500 for representing his separate interests.

It is finally argued that the damages allowed are excessive and unwarranted by the evidence. There is some little conflict in the testimony upon the question of what would be a reasonable fee in the case. But we are satisfied that the trial court found in accordance with the weight of the evidence. The amount allowed is not unreasonable, in our opinion.

The judgment of the trial court is therefore affirmed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.