[No. 13227. Department One. April 5, 1916.]

H. R. MANN, *Appellant*, v. E. H. BECKER *et al.*,
*Respondents.*[1]

INJUNCTION—ORDER—QUASHING SERVICE—SCOPE. Where, on a special appearance to quash the service of a temporary restraining order, the court entered an order that "said writ and the service thereof is hereby quashed," but fixed a new return date, the effect of the order was to quash the service only and not the writ.

SAME—WRONGFUL INJUNCTION—ACTION ON BOND—VOLUNTARY DISMISSAL—EFFECT. The voluntary dismissal of a suit for an injunction, on the specific ground of cessation of necessity for injunctive relief, is not the equivalent of a final decision that the plaintiff was not entitled to the order so as to warrant recovery upon the injunction bond.

SAME—ACTION ON INJUNCTION BOND—DAMAGES—ATTORNEY'S FEES. Where no motion was made for the dissolution of an injunction wrongfully sued out, nor any attack on the merits of the injunction, but only a special appearance attacking the service of the writ, attorney's fees cannot be recovered as an item of the damages in an action on the injunction bond.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 3, 1915, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*E. H. Belden* (*Chas. P. Harris*, of counsel), for appellant.
*Cannon & Ferris*, for respondents.

[1]Reported in 156 Pac. 396.

ELLIS, J.—Action upon an injunction bond for damages for an alleged wrongful suing out of an injunction. The only damage claimed is an asserted liability for $1,000 as attorney's fees, which it is claimed was incurred in an injunction suit in which the defendant Becker was plaintiff and the defendant National Surety Company was surety on the injunction bond for the sum of $1,000, conditioned to pay all costs and damages which might accrue to defendant in that suit, plaintiff here, by reason of a restraining order and injunction.

The court found, in substance, that the order entered in the injunction suit on January 4th purporting to quash the writ was intended by the court only as an order quashing the service; that the writ was thereafter dismissed on January 7th, upon motion of the plaintiff in that suit and a showing that the cause therefor no longer existed; that the plaintiff here, defendant there, made his first general appearance in that suit on the following day when he signed a stipulation for dismissal of that suit; that, at the time of issuing the order to show cause in that suit, Becker, the plaintiff therein, had sufficient justification and necessity for the restraining order; but that, at the time the order was dismissed, the necessity therefor no longer existed; that the defendant in that suit, plaintiff here, did not appear therein at any time for the purpose of quashing the injunction; that the complaint in this action is without merit, and that the plaintiff herein has made no showing entitling him to any relief whatsoever. Judgment went accordingly. Plaintiff appeals.

It is contended that these findings are not supported by the evidence. We shall not discuss the complicated facts leading up to the injunction suit, nor the evidence upon which the court found in this action that the respondent Becker had sufficient justification for the restraining order, further than to say that, as we view it, the evidence does not preponderate against that finding. But aside from that finding, we are convinced that the record in the injunction suit itself, which

is in evidence in this action, furnishes ample support for the other findings, and these in turn furnish ample support for the judgment.

On December 31, 1914, a temporary restraining and show cause order was issued upon the complaint in the injunction suit, returnable on January 4, 1915. At the same time, the plaintiff in that suit filed the bond upon which this action is predicated. Upon the return day, the appellant appeared "specially" and "for no other purpose" and moved the court to quash and set aside the attempted service upon him of the show cause order on the ground that the copy served was not certified and the service was not made by an officer. The motion was confessed and the court entered an order, which, so far as material, is as follows:

"That said motion be, and the same is hereby granted and said writ and the service thereof is hereby quashed, vacated and held for naught.
O. K. as to form, J. W. Cannon.        Bruce Blake, Judge."

Thereupon, and upon motion of Becker, the court entered an order as follows:

"On this 4th day of January, 1915, this cause came regularly on for hearing by the court to be heard on plaintiff's show cause order and it appearing that no sufficient service has been made upon defendant H. R. Mann of said show cause order, and plaintiff moving in open court that the date at which defendant H. R. Mann is required to appear in answer to said show cause order be changed to January 7, 1915, at 1 p. m. on said day, and that service of a copy of said order or change be made upon said defendant H. R. Mann, and after hearing said motion and the argument of counsel and the court being fully advised in the premises, it is by the court—

"Ordered, That said motion be, and the same is hereby granted, that the date required of defendant H. R. Mann to appear and answer in said show cause be changed to January 7, 1915, at 1 o'clock p. m. on said date and that the time of service of said show cause order upon said defendant be extended to and including January 6, 1915.
                    "Bruce Blake, Judge."

On January 7th, the new return day, the court entered an order as follows:

"On this 7th day of January, 1915, this cause came regularly on for hearing by the court on application for restraining order and other relief and after hearing counsel and it appearing that the relief demanded is no longer required,

"Ordered, That said motion and application be, and the same is hereby dismissed, plaintiff consenting thereto.

O. K., E. J. C., E. H. B.          Bruce Blake, Judge."

Apparently, after the entry of the last quoted order, but on the same day, the parties entered into the following stipulation:

"It is hereby stipulated and agreed by and between Cannon & Ferris, attorneys for the plaintiff, and E. H. Belden, attorney for the defendant H. R. Mann, that the above entitled action be, upon this stipulation, dismissed without costs to either party thereto, and without prejudice, and that, upon the filing of this stipulation, the court may make an order herein, dismissing said action, in accordance with this stipulation.

"Dated at Spokane, Washington, this 7th day of January, 1915.

"Cannon & Ferris, Attorneys for Plaintiff,

"E. H. Belden, Attorney for Defendant H. R. Mann."

On the following day, pursuant to that stipulation, an order as follows was entered:

"Now on this day, this cause coming on for hearing upon the stipulation of the attorneys for the plaintiff, and the attorney for defendant H. R. Mann, and upon said stipulation,

"It is now here ordered that said action as against the said defendant H. R. Mann be, and the same is hereby dismissed without prejudice or costs to either party hereto.

"Done in open court, and dated this 8th day of January, A. D. 1915.

O. K., Belden, E. J. C.          Bruce Blake, Judge."

It is manifest from the second order, entered on January 4th, fixing the new return day for the show cause order, that the recital in the first order of that date purporting to quash

the writ was, as the court found, not so intended. This is further manifest from the fact that the court's jurisdiction to quash the writ itself had never been invoked by the appellant. Though counsel for plaintiff in that action placed his approval as to form upon the order, he testified in this action that the recital purporting to quash the writ escaped his notice. The court was justified in finding that the first order was intended as an order quashing the service only. So, also, the record leaves no doubt as to the correctness of the finding that the appellant did not appear at any time for the purpose of contesting or quashing the injunction.

But it is argued that the voluntary dismissal of the injunction suit was *prima facie* a confession that the injunction was wrongfully issued. Cases from other jurisdictions containing language to that effect are cited, but they seem to rest upon the ground that the dismissal "is equivalent to the court finally deciding that the plaintiff was not entitled to the injunction order." *Mitchell v. Sullivan*, 30 Kan. 231, 1 Pac. 518; *Tullock v. Mulvane*, 184 U. S. 497. Obviously, a dismissal based, as here, upon the specific ground of the cessation of the necessity for injunctive relief has no such equivalence and implies no such confession. *Thompson v. Benson*, 41 Wash. 70, 82 Pac. 1040; *Jewel Tea Co. v. Stewart*, 142 Iowa 353, 120 N. W. 962. If, as was held in the *Thompson* case, attorney's fees incurred in an unsuccessful attempt to dissolve an injunction cannot be recovered in a suit on the injunction bond, though the injunction was afterwards voluntarily dissolved, *a fortiori* it would seem that attorney's fees cannot be recovered where, as here, no attempt was made to secure a dissolution of the injunction, though it was voluntarily dissolved when no longer needed. Even assuming that the injunction was wrongfully issued, it is the established law in this state that, where no motion is made for its dissolution nor any attack upon the merits of the injunction itself, attorney's fees as an item of damages cannot be recovered in an

action on the injunction bond. *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322; *White Pine Lumber Co. v. Aetna Indemnity Co.,* 42 Wash. 569, 85 Pac. 52; *Collins v. Huffman,* 48 Wash. 184, 93 Pac. 220; *Kitsap County Bank v. United States Fidelity & Guaranty Co., ante* p. 12, 155 Pac. 411.

The case of *Anderson v. Provident Life & Trust Co.,* 26 Wash. 192, 66 Pac. 415, relied upon by appellant, is readily distinguishable from the cases above cited and from this case. True, in that case, as here, the only relief sought was injunctive and no formal motion was made to dissolve the injunction; yet, as the court remarks, "the demurrer to the bill reached the injunction as effectively as a motion would have done." That, as the opinion shows, was the express basis of the allowance of the recovery of attorney's fees as an item of damages.

The case of *Berne v. Maxham,* 82 Wash. 235, 144 Pac. 23, is even less applicable. There the court found as a fact that the services were rendered in procuring the dissolution of an injunction wrongfully sued out.

In the case here, the appellant appeared specially and moved only against the service. The bond was not conditioned as a guaranty of a valid service. On these facts, we can see no controlling significance in the fact that the only relief sought was injunctive. The fact remains that the injunction was never attacked on the merits by motion or otherwise.

Had other damages than the incurring of attorney's fees been claimed and established, a different question would be presented. *Kitsap County Bank v. United States Fidelity & Guaranty Co., supra.*

The judgment is affirmed.

MORRIS, C. J., MOUNT, and CHADWICK, JJ., concur.