## GARRETT & HILL *vs.* LOGAN.

1. In debt on bond, the breaches assigned, whether in the declaration or by a replication, must show that the plaintiff has a cause of action.

2. An action of debt on an injunction bond cannot be maintained to recover damages occasioned by the suing out of the writ, unless the injunction was sued out vexatiously.

3. The record of the chancery suit in which the injunction was sued out is admissible, but not conclusive evidence, as to the vexatious suing out of the writ.

4. An action may be maintained on an injunction bond without a previous action on the case to ascertain the damages occasioned by the vexatious suing out of the writ.

5. Counsel fees necessarily incurred, in the defence of an injunction suit, may be recovered in an action of debt on the bond, though they may not be actually paid.

ERROR to the Circuit Court of Bibb. Tried before the Hon. John D. Phelan.

THIS was an action of debt by Logan against Garrett & Hill on an injunction bond executed by them, the condition of which, after reciting that Garrett had applied for and obtained an injunction in a certain chancery suit, against Logan and one Carter, continues thus : " Now if said Garrett shall well and truly prosecute his said writ of injunction, and pay all damages and costs occasioned to said defendants by the vexatious suing out of said writ, then this obligation to be void," &c. Three breaches are assigned in the declaration. 1. That said Garrett did not well and truly prosecute said injunction and pay all damages and costs thereby occasioned to said plaintiff and Carter. 2. That said Garrett did not well and truly prosecute said injunction, but wholly failed so to do, and said injunction was, on the 1st June, 1848, in due course of law dissolved, and the bill in chancery filed to obtain the same dismissed. 3. That said injunction was sued out to restrain plaintiff and said Carter from running a certain ferry boat across the Cahawba river, by means whereof they were prevented from running said boat for a long time, whereby they sustained great damage, and were put to great trouble and expense in employing solicitors and procuring

testimony in and about making their defence to said injunction suit, all which sums defendants were bound to pay, but wholly failed so to do.

The defendants demurred to each breach assigned, and their demurrer was sustained as to the first and second breaches, but overruled as to the third. They also pleaded, 1. *Nil debet.* 2. No damages were occasioned by the vexatious suing out of said injunction. 3. Said injunction was not sued out vexatiously. 4. Performance. Plaintiff demurred to the second and third pleas, and his demurrer was sustained. Issue was taken on the first and fourth pleas, and a verdict and judgment rendered for the plaintiff.

H. DAVIS, for plaintiff in error, made the following points:

1. The action was prematurely brought. There should have been a previous action on the case to ascertain the damages.— Herndon v. Forney, 4 Ala. 243.; Donnell v. Jones, 13 ib. 490; Davis v. Gully, 2 Dev. & Bat. 360.

2. The declaration is bad. It does not aver that the injunction was sued out vexatiously. The third breach assigned is not such a breach as could arise under the condition. The obligors only bound themselves to pay the damages occasioned by the vexatious suing out of the writ, not the loss of profit, or cost of defending suit.

3. The third plea was good.—Marshall v. Betner, 17 Ala. 832.

4. Attorney's fees can only be allowed when actually paid:— Kornegay v. White, 10 Ala. 255; Marshall v. Wood, 16 ib. 806; Marshall v. Betner, 17 ib. 832.

I. W. GARROTT, *contra.*

PARSONS, J.—The demurrer to the third assignment of breaches was overruled. There was error in this, we think. When breaches are assigned, either in the declaration, or by a replication, it must appear that the plaintiff has a cause of action, as in Gainsford v. Griffith, (1 Saunders, 60.) The plaintiff below, in his declaration, set out the condition, and assigned breaches, and the question is, whether he made it appear that he had a cause of action? It no where appears by the declaration that the injunction was sued out vexatiously. Without

23

this, there could be no cause of action. The action is founded on the bond and condition. According to the condition there was no right of action, either for costs or damages, but such as might be occasioned by the vexatious suing out of the injunction, a fact which is not averred. It is clear that the question whether the injunction was vexatiously sued out, was not directly in issue in the chancery suit, and consequently the record of that suit was not conclusive of the fact.

The third plea of the defendants below was, that the injunction was not vexatiously sued out; to which the plaintiff demurred, and his demurrer was sustained. In the analagous cases of suits for wrongfully or vexatiously suing out attachments, this court has settled various questions. In Marshall v. Betner, (17 Ala. 832,) it was held that a plea to an action on the case for wrongfully and vexatiously suing out an attachment, which avers that the attachment was not sued out wrongfully, maliciously, or vexatiously, or without reasonable or probable cause, presents a substantial defence to the action, and is not demurrable. If the plaintiff below should so amend his declaration as to render it necessary for the defendants to plead, the third plea can be amended so as to correspond with the opinion of the court in Marshall v. Betner.

It is contended that the plaintiff below brought this suit prematurely; that he should first have brought an action on the case to ascertain his damages, and then an action upon the bond; but we are not of that opinion. The counsel relies on Davis v. Gully et al., 2 Dev. & Bat. 360. That case is, however, so plainly distinguishable from this, in respect of the necessity of a previous suit, as to render any remark unnecessary. But, although we think an action on the bond in the first instance was sustainable, yet it is clear that most of the law relative to actions on the case for such and similar wrongs must apply when the action in the first instance is on the bond. The measure of damages in general should be the same, and the action must be subject to the same defences, except in matters of form. In Davis v. Gully, et al., (2 Dev. & Bat. 360,) it was determined that "a bond with a condition to be void upon the payment of such damages as *might* be recovered of the principal obligor for wrongfully bringing a suit in equity against the obligee, is a guaranty that the principal shall be able to satisfy any judg-

Garrett & Hill v. Logan.

ment obtained against him, in an action on the case for wrongfully filing the bill; and no action can be brought on such bond until the obligee has obtained such judgment and failed to procure satisfaction." That was a bond for the payment of such damages as might be recovered, meaning, as the court thought, by an action on the case. In the case before us the bond was simply to pay all costs and damages occasioned to the obligees by the vexatious suing out of the injunction. Hence the distinction between that case and this, in that respect, is obvious. In Davis v. Gully, *et al.*, Gaston, J., observed: "We hold also, that the words ' for wrongfully bringing suit in the court of equity,' must be interpreted as the analagous words in the condition of an attachment bond have been interpreted—the bringing of a suit maliciously, and without probable cause.—Williams v. Hunter, 3 Hawks, 345. It would be premature in us to decide what evidence would be demanded of the plaintiff in an action on the case, to sustain the allegation that the bill in equity had been instituted for the purpose of oppression and wrong; but we perceive no more difficulty in establishing the allegation, if true, than there was in the case of Hackney v. Mathews, which was brought for maliciously impleading the plaintiff in the Ecclesiastical Court, (1 Vent. 86; 2 Inst. 562,) or in the case of Brown. v. Chapman, for maliciously suing out a commission of bankruptcy.—1 Black. Rep. 427. An action on the case lies against any person who maliciously and without probable cause, prosecutes another before any tribunal, and thereby subjects him to an injury, either in his person, property, or reputation. The purpose of the bond in this case was to secure the plaintiff against the inefficiency of this common law remedy, if the complainants in the suit in equity should be unable to respond the damages."

Should the pleadings be hereafter adapted to the case of a malicious and vexatious use of the injunction, the chancery record, as has been mentioned, will not, by itself, be evidence conclusive of the vexatious or malicious purpose of the defendant. But that record will be admissible, and other evidence may or may not make it sufficient upon the questions of malice, of probable cause, &c. It would be entirely premature now to decide those questions, knowing nothing of the evidence, *pro* or *con.*, which the parties will offer.

As to the expense of the plaintiff below, in employing coun-sel to defend the chancery suit, it was held by this court that "in cases where malice is the gist of the action, and vindictive damages recoverable, fees paid to counsel in defending against the wrongful act of the defendant, if reasonable and necessarily in-curred, may be proved and considered by the jury in the assess-ment of damages."—Marshall v. Betner, *supra*. This demand is not to be influenced by the question whether the fees had been actually paid. If contracted to be paid, it is enough, provided it was necessary to do so. As to the opinions of the Circuit Court in reference to the charges and refusals to charge, I have particularly examined them, but in view of the actual and full case presented by the entire record, I am not satisfied that there was any error ; but in the event of a change of the state of the pleadings and evidence, the matters in relation to which the court charged and refused to charge, may not be decisive of the case—therefore, we forbear any opinion.

The judgment is reversed and the cause remanded.