[No. 3914. Decided October 3, 1901.]

CHRISTIAN ANDERSON, *Respondent*, v. PROVIDENT LIFE AND TRUST COMPANY OF PHILADELPHIA, *Appellant*.

APPEAL — INSUFFICIENCY OF BOND.

On appeal from a money judgment for the sum of $1,400, an appeal bond in the sum of $3,200, conditioned to pay all costs and damages that may be awarded against the appellant on the appeal not exceeding $200, and to satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court shall make or order to be rendered by the superior court, fully complies with the requirements of Bal. Code, §§ 6505, 6506, on the subject of appeal and supersedeas bonds.

SAME — STATEMENT OF FACTS — BY WHOM TO BE SETTLED.

The fact that a statement of facts was settled and certified by the judge who presided at the trial after his term of office had expired would not be ground for striking the statement, where it was subsequently settled and certified within the statutory time by the judge of the court.

WRONGFUL INJUNCTION — ACTION FOR DAMAGES — PARTIES PLAINTIFF.

Where an injunction was wrongfully sued out against a judgment creditor and a sheriff, to restrain the sale of real estate upon execution, an action for damages is maintainable by the

judgment creditor alone, without the necessity of joining the sheriff as a party plaintiff.

SAME — ATTORNEY FEES — WHEN RECOVERABLE.

Attorney fees are recoverable as an item of damages in an action on the case for damages for the wrongful suing out of an injunction, when the language of the complaint is so strong that, as against demurrer, it must be held that the effect of the pleading is to tender the issue of malice and want of probable cause.

SAME — LIABILITIES INCURRED BUT NOT PAID.

In an action for damages for the wrongful suing out of an injunction, attorney fees and expenses are recoverable, when a liability therefor has been incurred, although such expenses may not have been paid.

SAME — FORM OF ATTACK AGAINST INJUNCTION.

Where a demurrer to an injunction in the federal court challenged its jurisdiction and reached the injunction as effectively as a motion to dissolve would have done, attorney fees are recoverable for services rendered in the presentation of the demurrer, the same as upon a former motion to dissolve; but attorney fees for services upon a trial on the merits after the overruling of the demurrer are not recoverable.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*E. R. York,* for appellant.

*John A. Parker, J. W. A. Nichols* and *John C. Stallcup,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent brought this action against appellant, a corporation organized under the laws of the state of Pennsylvania, having an agent in this state upon whom process may be served. For his cause of action respondent alleges substantially as follows: That on the 24th day of January, 1894, in an action then pending in the superior court of Pierce county, wherein the Tacoma

National Bank was plaintiff and Otis Sprague and others were defendants, the said court gave judgment in favor of said bank, and against the said defendants therein, for the sum of $4,370 and costs, and that said judgment remains unsatisfied; that prior thereto, in the month of December, 1893, John W. Sprague, father of Otis Sprague, died seized of certain described real estate situated in the county of Pierce, and left the said Otis Sprague and three others, his sons, as devisees, and the said Otis Sprague as devisee of the undivided one-fourth of said real estate; that afterwards, in the year 1897, the respondent, for value and by sale and assignment thereof to him duly made, became the owner of said judgment, and still continues to hold the same; that said judgment was then, and at all times since the rendition thereof has been, a lien on any legal or equitable interest of said Otis Sprague in the said real estate; that in the latter part of the year 1895 or 1896, while the said real estate was subject to the lien of said judgment, the same was conveyed to the appellant by the said four sons of said John W. Sprague, deceased, together with one Hayden, as executor of the last will of said John W. Sprague, and the appellant so took title to said premises subject to the lien of the said judgment upon the undivided one-fourth thereof, which interest, with the title thereto, had been held by the said Otis Sprague, and the appellant then took possession of said premises; that after the said purchase of said premises the appellant claimed title thereto free and clear of the lien of said judgment, and thereupon respondent filed in said superior court his bill of complaint against the appellant and against the said executor and devisees, for the purpose of removing the said obstructions in the way of realizing on the said judgment by execution sale of one-fourth in-

terest in said real estate, and asked equitable relief accordingly; thereupon the appellant herein demurred to the complaint in that action, and upon said demurrer it was claimed by this appellant that this respondent had ample remedy at law in the premises by the writ of execution under said judgment, and by seizure of said real estate thereunder, and the court so held, and gave judgment to that effect upon said demurrer; that afterwards this respondent filed in that action his amended supplemental complaint, and the said action is still pending; that on the 17th day of January, 1898, upon the said ruling on said demurrer, this respondent caused an execution to be issued out of the said superior court upon his said judgment against the said Otis Sprague, and the sheriff of said county thereupon levied upon the interest of said Otis Sprague in said real estate; that for the purpose of harassing and injuring this respondent, and putting him to great expense and annoyance, and for the purpose of preventing him from realizing on his said judgment, and preventing execution from going against said real estate until after the lien of said judgment had expired by the lapse of five years' time from the date of its rendition, and in contempt of right and justice, and in violation of law and especially of the plain prohibitory act of the congress of the United States, expressed in § 720 of the Revised Statutes of the United States, this appellant, after said levy had been made, and when sale thereunder had been duly advertised, filed its so-called bill of complaint in the circuit court of the United States for the district of Washington, against this respondent and the said sheriff, demanding an injunction against said sale, and against the proceedings under said execution, or any execution touching the sale of said real estate under said judgment; that upon

the filing of said bill a temporary injunction was allowed, and afterwards, upon motion to dissolve, was allowed and continued on condition that this appellant should file a bond securing this respondent and other defendants in that action against damages resulting in case the said injunction was wrongful, and the undertaking was made, filed and accepted in the premises, wherein the sureties obligated themselves, and promised this respondent and the other defendants in that action, that this appellant should abide the final decision of that court, and pay all moneys and costs adjudged against it in case the said injunction should be dissolved, and, in case the said appellant did not so perform and pay, they would so pay and perform; that the said sheriff and this respondent were thereby restrained from making said sale or any sale of said premises, or of the interest of Otis Sprague therein, under the said execution, or any execution under said judgment, and upon the hearing of said cause by the decree of said court they were accordingly perpetually enjoined; that thereupon the said sheriff and this respondent duly appealed from said decree to the circuit court of appeals for the Ninth circuit of the United States, and the said injunction was by that court dissolved, and the said decree reversed, and said bill of complaint ordered dismissed for want of jurisdiction; that thereafter the said circuit court entered final decree in that court dissolving said injunction and dismissing said bill of complaint according to the mandate of the said circuit court of appeals; that the appellant is liable for, and should pay, all costs, expenses, and charges which respondent has in the premises incurred, or for which he has become liable, and which were occasioned by the said injunction, and the proceedings of the appellant in and about the same, and in defending against

the same, and in procuring its final dissolution and the dismissal of the so-called bill of complaint; that as a direct result of said bill of complaint and injunction, and necessarily incurred thereby, respondent has been damaged in the sum of $1,950, $1,800 of which was for legal services, and $150 of which was for expenses incurred for taking testimony, for the hearing in that court, printing of briefs, traveling and other expenses incurred in the circuit court of appeals and not included in the costs taxed therein, together with additional expenses incurred as follows: Under the statutes of the state of Washington, judgment liens expire five years after the rendition of the judgment, unless revived, and inasmuch as the five years of time for the lien of said judgment expired after said injunction had been issued, and before the dissolution thereof had been procured, it became necessary to revive and renew the same in order that respondent's lien might be preserved, and the same was accordingly done by proceedings duly begun and prosecuted for that purpose and to that end, in which the respondent incurred large expenses and liabilities for court costs and attorney's fees, altogether in the sum of $1,950,—that is to say, $1,800 for legal services in the two United States courts, and for the revival of said judgment and the extension of said lien in the state court, and in the further sum of $150 for the expenses incurred; for which amounts respondent asks judgment. To the foregoing complaint the appellant demurred, and the demurrer was by the court overruled, and exception thereto duly taken. Appellant thereupon answered the complaint. The answer denies many of the averments of the complaint, and particularly denies that the said suit in the circuit court of the United States was brought for the purpose of harassing or injuring respondent or to prevent him from

realizing on his said judgment. It also denies that any motion was ever made or filed in said cause in said circuit court to dissolve said preliminary injunction. The amended affirmative answer further alleges that prior to the commencement of this action the appellant paid to the respondent all moneys, costs, fees, expenses, disbursements, and liabilities, including attorney's fees, due to respondent, occasioned by or growing out of the said suit brought in the circuit court of the United States; that appellant has fully kept and performed the condition of the bond filed in said suit, and that no moneys, costs, or other liability has been adjudged against appellant upon said bond or in said cause in said circuit court which has not been fully paid and satisfied; that no order or judgment has been made or entered by said circuit court in said suit brought therein or by any court authorizing or justifying this action or any action upon said bond. The reply denies the allegations of the affirmative answer. A trial was had before a jury, and a verdict returned in favor of respondent for the sum of $1,600.

Appellant moved the court to set aside the verdict and to grant a new trial, and upon the hearing thereof the court found the value of the services for reviving the judgment against Otis Sprague to be $200, and that the verdict should be reduced in that sum. Respondent consented to such reduction, and the motion for new trial was then denied, and judgment entered against appellant for $1,400 and costs. From said judgment this appeal was taken.

Respondent moved to dismiss this appeal for want of an appeal bond, as required by law. The judgment is for $1,400, and the appeal bond shown by the record is in the sum of $3,200, which is more than double the amount of the judgment, and more than $200 in addition thereto.

The bond is conditioned to pay all costs and damages that may be awarded against the appellant on the appeal or on the dismissal thereof, not exceeding $200; and, further, to satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court shall render or make, or order to be rendered or made by the superior court. The bond seems to comply fully with the requirements of §§ 6505 and 6506, Bal. Code. The notice of appeal was served on January 21, 1901, and filed January 22, 1901. The appeal bond was also filed on the last named date. We see no merit in this motion, and it is therefore denied.

Respondent also moves to strike the statement of facts. The judgment was entered January 12, 1901, and a proposed statement of facts was filed January 26, 1901. Thereafter, on the 9th day of February, 1901, the statement was certified by the Honorable Thomas Carroll, who had presided at the trial as judge, but whose term of office had expired before the said 9th day of February. Under the decisions of this court, said certificate was not sufficient to make the statement a part of the record. Afterwards, however, on the 15th day of April, 1901, notice for the settlement of said statement on the 20th day of the same month was duly served, and on said last named date the Honorable Thad Huston, one of the judges of said court, continued the matter until April 22, and on the last named date the statement was duly certified by Judge Huston, and made a part of the record. The statement, having been duly and regularly certified by one who was a judge of said court at the time, thereby became a part of the record, under the rulings of this court. The motion to strike is therefore denied.

Appellant first assigns as error that the court denied its

motion for an amended and further bill of particulars. We think, under the circumstances shown in the record, that appellant was not prejudiced thereby. It appears that the bill of particulars had not been originally verified, but the court's attention was not called to the fact until during the progress of the trial, and he then required it to be verified. We think the items named in the bill of particulars which was served substantially advised appellant as to what it must meet at the trial.

It is next assigned as error that the court overruled the demurrer to the complaint. The first ground urged is that there is a defect of parties plaintiff. It is claimed that the liability sued upon was one accruing to all of the defendants in the suit in the United States court; that a joint defense was made to that suit by this respondent and by the sheriff of Pierce county, and that the preliminary injunction was granted against them jointly; that they jointly appealed from the decree of the circuit court, and any cause of action for damages growing out of that suit accrued jointly to respondent and said sheriff, both of whom should have been joined as plaintiffs in this action. No authorities are cited by appellant's counsel in support of this contention, and we are of the opinion that the point is not well taken. At the instance of respondent, the sheriff was acting only as a ministerial officer, and he had no further interest in the matter. The burden of defending that suit rested upon the respondent, who was the real party in interest. It was a matter of no consequence to the sheriff whether the injunction was dissolved or continued. In any event, if respondent is entitled to recover in this action at all, he may recover such damages as have accrued to himself. If, for example, it were sought in this action to recover damages because of depreciation in the

value of the property levied upon pending the injunction
whereby respondent was prevented from realizing the full
amount of his judgment, it certainly could not be success-
fully urged that the sheriff had any joint interest with re-
spondent in such damages.

It is next urged upon the demurrer that the complaint
does not state facts sufficient to constitute a cause of ac-
tion.    It is claimed that the value of attorney's services
or costs incurred in making a successful defense cannot be
recovered in another action as damages.   This certainly is
the general rule, and was so declared emphatically by this
court in *Lovell v. House of Good Shepherd,* 14 Wash.
211 (44 Pac. 253).   An exception, however, seems to be
made where an injunction has been wrongfully sued out.
It is held that a reasonable amount of compensation paid
for counsel fees in procuring the dissolution of an injunc-
tion may be recovered in an action for damages.   Counsel
fees in such cases are regarded as a proper subject of con-
sideration in estimating the damages incurred, the loss
being as direct and immediate as any other.   2 High, In-
junctions (3d ed.), § 1685.   The author cites the decisions
of many states in support of the above doctrine, and refers
to it in a note as a well-settled doctrine, but says, however,
that one decision of the supreme court of the United States
(*Oelrichs v. Spain,* 15 Wall. 211) does not seem to har-
monize with this rule, and also that a different rule pre-
vails in Arkansas and Pennsylvania.   This court seems
to have approved the general rule in *Donahue v. Johnson,*
9 Wash. 187 (37 Pac. 322).   Mr. High further states the
reason for the rule as follows:

"The allowance of counsel fees as damages upon dissolv-
ing an injunction is based upon the fact that defendant
has been compelled to employ aid in ridding himself of an

unjust restriction, which has been placed upon him by the action of plaintiff." 2 High, Injunctions (3d ed.), § 1686.

Appellant further urges that, in any event, counsel fees are recoverable in an action of this kind only when the injunction suit was brought maliciously and without probable cause. It is insisted that this complaint does not charge malice or want of probable cause. While the usual phraseology as to malice and want of probable cause is not used, yet the language of the complaint is so strong that we think it must be held, as against demurrer, that the effect of the pleading is to tender that issue. The rule above mentioned is to the effect that, when malice and want of probable cause are lacking, an action upon the injunction bond is the only remedy, and that the plaintiff in the injunction suit cannot be sued for damages in an action upon the case. However, if the complaint here did not tender the issue of malice and want of probable cause, there is another consideration that must weigh in favor of this complaint. The injunction bond here was taken in pursuance of the rules of the United States courts. Concerning such bonds, Mr. High says:

"And when an injunction bond is given in a proceeding in a federal court, conditioned to pay such damages as may be recovered in case it shall be decided that the injunction was wrongfully obtained, the condition of the bond is not broken merely by a dissolution of the injunction, and there can be no recovery in the federal courts because of such dissolution alone; and there must first be a recovery or judgment determining the damages, before an action can be maintained against the obligors in the bond." 2 High, Injunctions (3d ed.), § 1656.

It would thus appear that, if respondent had sought in the federal court to pursue his remedy upon the injunction bond, he would first have been required to establish his damages against appellant, and then only upon failure of

appellant to pay could an action have been maintained against the obligors of the bond. The demand here is for less than $2,000, and the action necessarily had to be brought in this jurisdiction, and is maintainable here for the reasons last assigned.

It is also urged that the complaint is fatally defective because it does not allege that respondent has *paid* the counsel fees and expenses mentioned in his complaint. Counsel contends that the action cannot be maintained for fees and expenses, a liability for which has only been incurred. This position is sustained by the decisions of the supreme court of California, and is made particularly clear in *Elder v. Kutner,* 97 Cal. 490 (32 Pac. 563). Decisions of the California court are the only ones cited by counsel. The contrary doctrine, that a liability actually incurred though not paid, is the basis of an action for damages, is sustained by the following authorities: *Bonesteel v. Bonesteel,* 30 Wis. 511; *Noble v. Arnold,* 23 Ohio St. 264; *Ziegler v. Powell,* 54 Ind. 173; *Garrett v. Logan,* 19 Ala. 344; *McRae v. Brown,* 12 La. An. 181; 1 Sutherland, Damages (2d ed.), § 85. We think the doctrine of the last named authorities is more reasonable and just, and we shall follow them. It is, therefore, held here that it is immaterial whether the expenses have been paid by respondent or not. The complaint alleges that the liability has been incurred, and that is sufficient. For these reasons we think the complaint states a cause of action, and that the demurrer was properly overruled.

It is also assigned as error that the court admitted evidence as to the value of counsel fees for services rendered in the injunction suit, for the reason that no motion to dissolve the preliminary injunction was made. The great weight of authority is to the effect that counsel fees re-

coverable in such cases are those connected with the motion or other similar proceeding for the dissolution of the injunction, and do not cover the general expenses of defending the merits of the action. This court so held in *Donahue v. Johnson, supra.* The bill filed in the federal court by appellant, however, sought injunctive relief only, and, while it appears to be true that no motion formally so called was made to dissolve the preliminary injunction, yet the demurrer to the bill reached the injunction as effectively as a motion would have done. Had the demurrer been sustained, the injunction would have been dissolved. We think, therefore, that the services in connection with the demurrer are as much recoverable as though they had been rendered in the presentation of a formal motion to dissolve. The demurrer challenged the jurisdiction of the court, and it appears that respondent did not stand upon his demurrer, but answered the bill, and went to trial. Evidence was introduced in this case over appellant's objection, concerning the value of attorney's services rendered upon the trial. Upon the appeal to the appellate court the only question raised was that of jurisdiction. The evidence taken below was not even taken to the appellate court. The question raised in the appellate court could have been raised there without the expense of a trial below. We therefore think that the evidence concerning the value of attorney's services rendered in connection with the trial was improperly admitted. The testimony should have been confined to the services rendered upon the demurrer in the court below and to those rendered in the appellate court. For this reason the judgment will have to be reversed, and a new trial granted, with instructions to the court below to confine the evidence upon another trial to the limitations herein indicated. We think the honorable

trial court reached the correct conclusion upon the motion for new trial, that the evidence concerning counsel services rendered in reviving the judgment against Otis Sprague was not properly admitted, for the reason that such services did not come within the rule which confines recovery to services necessarily rendered in connection with the motion or other similar procedure for the dissolution of the injunction.

The judgment is reversed and the cause remanded, with instructions to the court below to grant the motion for a new trial, and proceed in accordance with this opinion.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and DUNBAR, JJ., concur.