[No. 14050.   Department Two.   July 25, 1917.]

PUGET SOUND HARBOR No. 16 OF THE AMERICAN ASSOCIATION
OF MASTERS AND PILOTS OF STEAM VESSELS *et al.*,
*Appellants*, v. AETNA ACCIDENT & LIABILITY
COMPANY *et al.*, *Respondents*.[1]

INJUNCTION—WRONGFUL INJUNCTION — ACTION ON BOND — ATTORNEY'S FEES—CONDITION PRECEDENT. Attorney's fees incurred in an injunction suit cannot be recovered in an action upon the injunction bond when the injunction was not wrongful in its inception, and no motion was made to dissolve it when the necessity for it ceased, and it was not dissolved until judgment of dismissal of the action on final hearing.

Appeal from a judgment of the superior court for King county, Webster, J., entered October 18, 1916, dismissing an action upon a bond, notwithstanding the verdict of a jury rendered in favor of the plaintiff.   Affirmed.

*George A. Custer*, for appellants.

*James B. Murphy* and *George E. Mathieu*, for respondents.

FULLERTON, J.—The appellants in this action sued the respondents upon an injunction bond, to recover for a liability incurred for the services of an attorney who was employed to defend an action in which the issuance of an injunction was a part of the relief sought.   At the trial, the court submitted the issues to a jury, which returned a verdict in the appellants' favor.   Thereafter the court sustained a motion for judgment notwithstanding the verdict, and dis-

[1]Reported in 166 Pac. 785.

missed the action.   This appeal is from the judgment of dismissal.

The pertinent facts are these:   The respondent American Association of Masters, Mates & Pilots is a national fraternal organization.   The appellant Puget Sound Harbor No. 16 is a subordinate chapter or lodge of the national organization, and the other plaintiffs were, during the year 1914, the local officers of the subordinate lodge, charged with its business management and the custody of its funds.   In December of the year named, the officers of the local lodge attempted to induce the membership of the local lodge to withdraw its connection with the national association and form a new association disconnected from the national association, and take with them the property and funds of the local association.   They persisted in this course notwithstanding the written protest of a minority of the lodge sufficient in number, according to the by-laws of the order, to prevent such a withdrawal.   The national association, learning of these facts, and acting through its executive committee, removed these officers, expelled two of them from the organization, and suspended the others, for limited periods; and, in their stead appointed other members then in good standing as temporary officers of the local lodge.   The removed officers refused to recognize the action of the executive committee, refused to surrender their offices to the men appointed, and refused to turn over to their custody the property and funds of the local lodge, although it seems not to have been disputed that the executive committee were acting within their rights as measured by the existing constitution and by-laws of the association.   The national association thereupon began an action in the superior court of King county to enforce the orders of its executive committee and to prevent the removed officers from withdrawing the funds of the lodge, on deposit with a local bank, or disposing of the funds in a manner inconsistent with the laws of the association.   On filing the complaint, the plaintiffs asked for a restraining

order pending a hearing for a temporary injunction. The restraining order was issued by the court and a time fixed for a hearing on the question of the issuance of a temporary injunction pending the final disposition of the action. This hearing was had after notice and a temporary injunction issued. Prior to the time the action was called for hearing on the merits, the national convention of the organization met and affirmed the action of the executive committee. Later on, the local lodge, by a deciding vote, agreed to remain in the general organization and abide by its laws and regulations, voting at the same time to reinstate the expelled members. These facts were set up by an amended and supplemental pleading, and at the trial on the merits, were duly made to appear. The principal issue tried at the hearing on the merits was the validity of the action of the local lodge in reinstating the expelled and suspended members; the necessity for the injunctive relief, in so far as it related to the custody and control of the finances of the local organization having ceased by the action of that organization. This issue the court decided in favor of the expelled and suspended members, entering a judgment which had the effect of dissolving the temporary injunction. After the cessation of the necessity for the temporary injunction relating to the funds of the association, no motion to dissolve was made, nor was any other action taken leading to its dissolution by the defendants prior to the trial upon the merits.

The present action was begun after the final determination of the principal action mentioned. As instituted, it was to recover the attorney's fees expended and incurred in the defense of the principal action. The appellants contend that the sole purpose of the action was to procure injunctive relief, and since this failed at the hearing upon the merits, that they are entitled to recover upon the bond the reasonable attorney's fees expended and incurred in defeating the injunction. They have filed a somewhat extended argument in support of their position, but we have found it unnecessary

to follow them. The issue, to our minds, is confined to a more narrow compass. It is not the rule that attorney's fees may be recovered in every case wherein a temporary injunction is issued and is not made perpetual at the final hearing of the action. To permit of such a recovery, the issuance of the injunction must have been wrongful in its inception, and it must have been dissolved because of its wrongful issuance. *Berne v. Maxham*, 82 Wash. 235, 144 Pac. 23; *Anderson v. Provident Life & Trust Co.*, 26 Wash. 192, 66 Pac. 415; *Mann v. Becker*, 90 Wash. 534, 156 Pac. 396.

Here, as we read the record, this injunction was not wrongfully issued. The appellants, in violation of the laws of the order of which they were members, were seeking to withdraw from the order and take with them funds and property which they were not entitled to take. This entitled the plaintiffs in the action to injunctive relief. The necessity for the injunctive relief may have ceased when the lodge decided to rescind its action and voted to remain in and abide by the laws and rules of the order, and it may be that the plaintiffs wrongfully pursued the individual defendants longer than the law and the facts of the case warranted; but neither of these considerations shows that the injunction was wrongful in its inception. Another rule is that attorney's fees cannot be recovered for the wrongful issuance of an injunction when no motion is made for its dissolution prior to the final hearing upon the merits of the action. This rule may be without application to a case where the injunction is issued upon notice and after a hearing and subsequently proves wrong in its inception, but the principle is applicable to a case where the original issuance is rightful and the necessity therefor ceases because of the action of the party against whom the injunction is issued. So here, since the injunction was not wrongful in its inception, the appellants against whom it was issued should have moved against it when the necessity for it ceased instead of waiting the final termination of the action, if they

anticipated suing upon the bond. In such a case, had the motion been denied, they might have recovered the attorney's fees incurred in prosecuting the motion and damages for any injury suffered by them by reason of its longer continuance; but having suffered it to remain unchallenged until the conclusion of the action, no such fees or damages are recoverable. *Mann v. Becker, supra.*

The judgment is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.