[No. 18629. Department One. July 11, 1924.]

AUGUSTA KASTNER *et al., Appellants,* v. A. A. ALGASE, *Defendant,* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Respondent.*[1]

INJUNCTION (80)—WRONGFUL INJUNCTION—ACTION ON BOND—DAMAGES—ATTORNEY'S FEES—CONDITION PRECEDENT. In an action for an injunction, a temporary restraining order until a hearing can be had, becomes *functus officio* at the time of the hearing; and a defendant who failed to move against the restraining order or move its dissolution, until it had expired, cannot be said to have expended any money in securing its dissolution; hence is not entitled to recover, in an action on the injunction bond, attorney's fees for successfully contesting the granting of a temporary injunction (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 4, 1923, upon findings in favor of the defendant, dismissing an action on an injunction bond, tried to the court. Affirmed.

*Allen & Griffith,* for appellants.

*Grinstead, Laube & Laughlin* and *Thomas E. Davis,* for respondent.

TOLMAN, J.—Appellants, as plaintiffs, by this action sought recovery of $276 expended in attorney's fees and expenses incurred in obtaining the dissolution of a temporary restraining order. From a judgment denying the relief sought, they have appealed.

It appears that, in an action then pending in Chelan county, respondent Algase sought and obtained a show cause order requiring the defendants in that action, among whom were appellants here, to appear on a certain day and show cause why an injunction *pendente lite* should not issue, restraining them from

[1] Reported in 227 Pac. 504.

selling, offering for sale, disposing of, or in any manner transferring certain corporate stock, and from voting such stock without the consent of the plaintiff. As a part of the same order there was incorporated the following:

"It is further ordered that, until the further order of this court, the defendants, Claude S. Jensen, J. G. Von Herberg and Jensen & Von Herberg, a corporation, and each of them, and all other persons other than the said defendants, Augusta Kastner, Gus Brown, Mrs. Gussie M. Brown and N. I. Neubauer be, and they and each of them are hereby restrained from voting any of the stock of said The Northwest Theatre Company at any stockholders' meeting of said Theatre Company. The bond on this restraining order is hereby fixed at $2,500."

On the return day, appellants, as defendants in that action, appeared, filed a demurrer to the plaintiffs' complaint, and a half day was spent in arguments to the court touching the issuance of the injunction *pendente lite*. The court having in some manner indicated his view of the law, plaintiffs' counsel asked leave to amend his complaint, and thereupon the defendant's counsel moved orally for the immediate dissolution of the restraining order. A written order was entered ten days later which recites, that upon the return day, the parties appeared, were heard, and the court "being fully advised did deny and refuse the application of the plaintiffs for a temporary injunction herein, and did vacate and set aside the restraining order so issued."

There appears to be no dispute as to the reasonableness of the amounts here sought to be recovered; and appellants, while recognizing the rule that only such expenses are recoverable as were incurred in securing the dissolution of the restraining order, seem to be laboring under the supposition that the order here in-

volved was dissolved by reason of their motion, and that such a motion was necessary to gain them relief from the order because of its term, "until the further order of this court." Our statute, Rem. Comp. Stat. § 722 [P. C. § 8056], forbids the issuance of an injunction without notice, and provides that in cases of emergency a restraining order may issue until notice can be given and a hearing had thereon, consequently, by the very terms of the statute, the restraining order loses its virtue when a hearing is had on the application for a temporary injunction, and as was said in the case of *White Pine Lumber Co. v. Aetna Indemnity Co.*, 42 Wash. 569, 85 Pac. 52.

"The result in each case was to terminate the restraining order; but in each case said order became *functus officio*. The restraining order was effective merely to the time of the hearing. It would then be superseded by the injunction *pendente lite,* if the court saw fit to grant such."

Appellants grasp at the suggestion in that case that no motion was made to dissolve the restraining order, but that suggestion refers to a motion which might be effective before the order expired, and not to a motion made at the very time when the order must of necessity die without any motion or other affirmative action. The words "until the further order of this court" did not change the nature of the order nor serve to give it life when its office was fully performed. Not having moved against the restraining order or sought its dissolution until the time when it must expire without any action on their part, appellants cannot be said to have expended anything in securing the dissolution of the restraining order.

The judgment appealed from is therefore affirmed.

MAIN, C. J., MACKINTOSH, and PARKER, JJ., concur.

HOLCOMB, J. (dissenting)—This case differs in several important respects from that of *White Pine Lumber Co. v. Aetna Indemnity Co.*, 42 Wash. 569, 85 Pac. 52. There the defendants appeared, demurred to the complaint, and resisted only the issuance of an injunction *pendente lite*. It did not appear that the show cause order should be in force longer than the return day. Here it did. There the court made no order dissolving the show cause order. Here it did and recited that it was upon motion of defendants.

The case falls squarely within the rule of *Donahue v. Johnson*, 9 Wash. 187, 37 Pac. 322; *Anderson v. Provident Life & Trust Co.*, 26 Wash. 192, 66 Pac. 415; *Berne v. Maxham*, 82 Wash. 235, 144 Pac. 23, and *Puget Sound Harbor No. 16 etc. v. Aetna Accident & Liability Co.*, 97 Wash. 413, 166 Pac. 785. I therefore dissent.