[No. 19341.   Department Two.   September 14, 1925.]

HECLA MINING COMPANY et al., Appellants, v. SARAH E.
SMITH, Defendant, MARYLAND CASUALTY
COMPANY, Respondent.[1]

INJUNCTION (80) — WRONGFUL INJUNCTION — ACTION ON BOND —
DAMAGES—ATTORNEYS' FEES AND COSTS.   In an action upon a bond
given on a temporary restraining order, the obligation of which was
to secure damages and costs which may accrue by reason of the
"restraining order," the plaintiff is not entitled to recover costs and
attorney's fees incurred in successfully resisting application for an
injunction pendente lite, the temporary restraining order having
been allowed to stand without any motion against it until defeated
by a trial on the application for the injunction pendente lite (HOL-
COMB, J., dissenting).

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered October 27, 1924,
upon findings in favor of the defendant, dismissing
an action on an injunction bond, tried to the court.
Affirmed.

Turner, Nuzum & Nuzum and Wakefield & Wither-
spoon, for appellants.

John H. Wourms and Williams & Cornelius, for
respondent.

MITCHELL, J.—This is an action on a bond for dam-
ages for the alleged wrongful suing out of an emer-
gency restraining order.   Service was had on only the
Maryland Casualty Company, surety on the bond, in
whose favor final judgment was entered.   Plaintiffs
have appealed.

Sarah E. Smith and Eugene R. Day, stockholders of
the Hecla Mining Company, a corporation, brought an
action to enjoin the Company and its officers from con-
summating a proposed purchase by it and the Bunker

[1]Reported in 238 Pac. 996.

Hill & Sullivan Mining & Concentrating Company of certain mining property belonging to the Star Mining Company. They asked for an emergency or temporary restraining order without notice, an injunction *pendente lite,* and for a final permanent injunction. The temporary restraining order was granted without notice, upon condition that the plaintiffs in that suit file a bond in the sum of $10,000. A bond was given by them in that amount with the Maryland Casualty Company of Baltimore, Maryland, as surety. The order granting the temporary restraining order and fixing the amount of the bond also fixed a time and place and required the defendants therein to show cause why an injunction *pendente lite* should not be granted. The Hecla Mining Company and its officers appeared on the return day, and thereafter from time to time according to orderly continuances by the trial court, during which hearings considerable testimony was taken on behalf of the parties, at the conclusion of which the trial court orally announced that the injunction *pendente lite* would be denied, and thereupon, on oral motion of the defendants, the temporary restraining order was dissolved, and immediately an order was made and entered denying injunction during the pendency of the suit and setting aside the temporary restraining order theretofore issued. On the next day, without any further evidence or argument, an order was entered dismissing the action.

The record contains no statement of facts, so that the case stands here on the findings made by the trial court, to which no exception was taken. Counsel for both sides have elaborately and interestingly discussed and analyzed a large number of authorities consisting of cases in this and other courts as well as text writers on the subject of liability on injunction bonds for dam-

ages such as are alleged here, including the necessity of a motion to dissolve, and as applied to cases where injunctive relief was either the primary or ancillary purpose of the suit. In the case of *Anderson v. Provident Life & Trust Co.*, 26 Wash. 192, 66 Pac. 415, wherein only injunctive relief was sought, in speaking of the rule which allows such damages as reasonable attorney's fees in procuring the dissolution of an injunction or restraining order, the reason for the rule is given in a quotation, 2 High, Injunctions (3d ed.), § 1686, as follows:

"The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that defendant has been compelled to employ aid in ridding himself of an unjust restriction, which has been placed upon him by the action of plaintiff."

Doubtless the other kinds of damages sued for in this action fall in the same class as counsel fees, within that rule.

In the present case, the finding of the trial court is "that the plaintiffs in this action necessarily spent in and about the resisting of the said application for an injunction *pendente lite,* in the way of attorney's fees, the sum of $15,000, and in court costs $1,708.73, and in sampling the Star Mine, $3,051.17, and in making maps and plats, the sum of $1,500, and the payment of witnesses for traveling expenses and services more than $10,000, all of which sums were paid by the Hecla Mining Company." That is, the costs for recovery of which this action was brought were spent in resisting the application for an injunction *pendente lite.* In the case of *Thompson v. Benson,* 41 Wash. 70, 82 Pac. 1040, it was said:

"It was held in *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322, that attorney's fees are not recoverable in an action on an injunction bond, where no motion for

the dissolution of the injunction is made, and it is allowed to stand until defeated by a trial upon the merits.''

The same reason applies here where the temporary restraining order was allowed to stand without any motion against it until defeated by a trial upon the application for an injunction *pendente lite,* which trial resulted in a denial of such application. Such is the result because of the terms of the bond. This principle was recognized in *Mann v. Becker,* 90 Wash. 534, 156 Pac. 396, which was an action on an injunction bond for damages. In the original suit in which the bond had been given, the defendant therein appeared specially and prevailed with a motion to quash the service. In denying recovery on the injunction bond the court said:

"The bond was not conditioned as a guaranty of a valid service. On these facts, we can see no controlling significance in the fact that the only relief sought was injunctive.''

In the present case, the terms of the bond sued on afford no guarantee or protection against damages by way of costs and expenses incurred in the hearing on the application for an injunction *pendente lite,* or in a final hearing for a permanent injunction, but only that the "principals shall pay, or cause to be paid, all damages and costs which may accrue to said defendants, or either of them, *by reason of said restraining order.''*

Upon the findings, which show that the attorney's fees and costs sought to be recovered were spent for a reason outside of the terms of the bond, it follows that the judgment appealed from must be and it is affirmed.

TOLMAN, C. J., FULLERTON, and MACKINTOSH, JJ., concur.

Holcomb, J. (dissenting)—This decision is utterly adverse to the very great weight of authority on the matter, and to just reasoning and principles.

A sufficient statement of the case is not set out in the prevailing opinion. The relief prayed for in the complaint in the action in which a temporary restraining order was issued was for injunctive relief only. It is true that, in the amended complaint, certain expenses of examination of the properties of defendants, against whom the action was brought, were alleged; but the entire relief demanded was injunctive relief, and such other and further relief as to the court should seem proper.

"Strike the prayer for injunction and the allegations upon which it is asked from the petition, and there is no case left." *Thomas v. McDoneld,* 77 Iowa 299, 42 N. W. 301.

The relief asked was that an alleged fraudulent and improvident sale be enjoined, and for such other and further relief as plaintiff should be entitled to. There was nothing in the case to defend against except the injunction. The temporary restraining order was a preliminary injunction. The great weight of authority is to the effect that where injunction is the sole object of the action, the necessity of paying counsel fees in defending the case on its merits is an actual damage sustained by reason of the injunction, and such fees may be recovered in an action on the bond. 32 C. J. 476, and cases cited.

The reasons for the rule, as stated in *Pelkey v. National Surety Co.,* 143 Minn. 176, 173 N. W. 435, are:

"A plaintiff who seeks a permanent injunction only, and can get and takes a temporary injunction giving him the same relief temporarily, is much in the position of one taking execution before judgment, and if he fails to get a judgment it is not harsh that he be re-

quired to pay the damage he has caused.    There is
nothing strained in holding  .  .  .   that the value of
services of counsel in defending the main action is an
item of damage within the terms of the bond  .  .  . ''

So far as I can discover, there are only two states,
California and Kentucky, whose courts hold to the
contrary.

Nor are our cases to the contrary, unless it be that
of *Kastner v. Algase,* 130 Wash. 362, 227 Pac. 504,
which I think decided wrongly.    Assuredly the case of
*Anderson v. Provident Life & Trust Co.,* 26 Wash. 192,
66 Pac. 415, was in accord with the great weight of
authority; and in *Stone v. Hunter Tract Improvement
Co.,* 68 Wash. 28, 122 Pac. 370, 39 L. R. A. (N. S.) 180,
this court held:

''Failure to move to discharge a wrongful injunction
does not limit the recovery to nominal damages, where
the injunction was not ancillary to the main issue, but
was of the essence of the controversy, and plaintiff
tried the case on its merits instead of moving to dis-
solve the injunction.''    (Syllabus)

It is true that in that case the items of damages
sought were not attorney's fees; but the decision, writ-
ten by Chadwick, J., was certainly contrary to the
holding of the court here and in *Kastner v. Algase,
supra,* to the effect that unless a motion were made to
dissolve the temporary restraining order, or prelim-
inary injunction, attorney's fees could not be recovered
as damages for the dissolution of the injunction.

Where injunction is not the chief or only relief
demanded, but is only auxiliary to some other relief
sought by the plaintiff in the original action, if the
injunction were wrongfully issued, as was held by
several cases from this court, it must have been shown
by and upon a motion to dissolve the temporary re-
straining order or injunction; and unless it were so

shown it would be presumed, as said by Judge Fullerton, in *Puget Sound Harbor, etc. v. Aetna Accident & Liability Co.*, 97 Wash. 413, 166 Pac. 785, that the preliminary injunction was not wrongfully issued.

In the case out of which this action grew, the allegations of conspiracy to defraud required the taking of evidence as to the truth or falsity thereof. The proof of the respondents, alone, who were plaintiffs in that case, required more than a month to introduce. There was no question of law that could terminate that suit upon a motion to dissolve the temporary restraining order, and it was apparently impossible to get rid of the injunction in that case without a trial on the entire merits. Upon the decision of the trial court therein that respondents, as plaintiffs in that case, had failed to show cause for the injunction, and that an injunction *pendente lite* would not be granted, the plaintiffs there abandoned their action. Then these appellants immediately moved to dissolve the temporary restraining order, which had been issued without cause.

It therefore seems to me that it is ridiculously technical to hold that, in a case where injunction is the sole relief demanded, the defendants in the case must at least make a useless, technical motion for the dissolution of the injunction or they cannot be heard to say that they are entitled to reasonable attorney's fees as damages, upon the subsequent finding of the court that the temporary injunction was wrongfully issued.

For these reasons, briefly stated and poorly argued, I am obliged to dissent.