[No. 27069. Department Two. July 27, 1938.]

CHIN ON et al., Respondents, v. CULINARY WORKERS AND SOFT DRINK DISPENSERS UNION et al., Appellants.[1]

*Cheney & Hutcheson,* for appellants.

*Velikanje & Velikanje,* for respondents.

ROBINSON, J.—This cause comes to this court upon a transcript of such pleadings and files in the case as

[1]Reported in 81 P. (2d) 803.

the attorneys for the appellants directed the clerk of the lower court to transmit. In the absence of a statement of facts, our information concerning the case must be wholly derived from the transcript.

It appears from the pleadings that, on November 27, 1937, the respondents, as plaintiffs below, brought an action against the appellants to enjoin them from picketing certain restaurants in Yakima and Ellensburg and to recover damages. On that day, the court entered an order, captioned, "Order to Show Cause." This order, in so far as it is material here, reads as follows:

"IT IS ORDERED, ADJUDGED AND DECREED, That defendants and each of them appear before the superior court of Yakima county, Washington, in the department to which the same is assigned, on Saturday, the 4th day of December, 1937, at the hour of 9:30 o'clock a. m., to show cause, if any they have, why a restraining order and injunction should not be signed and issued inhibiting and restraining the defendants and each of them from committing any and each of the acts complained of in plaintiffs' complaint herein, pending the outcome of the action;

"AND IT IS FURTHER ORDERED That said defendants, their agents and employees, and each of them, are hereby restrained and enjoined from unlawful picketing, unlawful boycotting or in any way unlawfully interfering with the business of said plaintiffs in Yakima, and Ellensburg, Washington, *until the hearing on this show cause order,* and is further ordered.

"A cash bond in the sum of $250 is sufficient in the premises.

"AND IT IS FURTHER ORDERED That a certified copy of this order be served upon said defendants and each of them not less than three days before said hearing, and that the court finds said service so made to be adequate in the premises." (Italics ours.)

On December 1, the two groups of defendants, that is, the culinary workers and the teamsters, served and

filed separate motions, each entitled: "Motion To Dissolve Temporary Restraining Order, And In The Alternative, Motion for Increase of Bond." These motions were accompanied by a notice that they would be brought on for hearing on "the 4th day of December, 1937, at the hour of 9:30 o'clock a. m." We are somewhat puzzled by this portion of the record, because we find no restraining order in the transcript other than the one above quoted, and there would seem to be no reason to urge its dissolution on the 4th day of December at 9:30 a. m., for it would at that time, by its terms, become *functus officio* without any action by the court. *Kastner v. Algase,* 130 Wash. 362, 227 Pac. 504.

On December· 7, 1937, the appellants served upon the respondents two notices, one on behalf of the culinary workers, and the other on behalf of the teamsters. Except for the difference in names, these notices read as follows:

"You and Each of You Will Please Take Notice that the undersigned attorneys for defendants Culinary Workers and Soft Drink Dispensers Union and its officers in the above entitled action will present to the Honorable R. J. Willis, Judge of the above entitled court, in Department No. 1 thereof, on Saturday, the 11th day of December, 1937, at the hour of 9:30 a. m., the attached order dissolving restraining order and denying temporary injunction in the above entitled action for signature and entry, copy of which is herewith served upon you, and the clerk will please note the same upon the motion docket for hearing upon said date.

"And You Are Hereby Further Notified that at said time said defendants will ask the court to fix the amount of reasonable attorneys' fees to be allowed defendants against the plaintiffs herein and the cash bond filed by plaintiffs."

These notices were accompanied by proposed orders of the tenor therein forecast. On one of these proposed orders is written: "Refused 12/11/37 Robert J. Willis, Judge."

It appears, however, that on December 11, 1937, the court entered the following orders:

"The plaintiffs' Show Cause Order, which was issued out of this Court on the 27th day of November, 1937, having come on for hearing before the Court on Saturday, the 4th day of December, 1937, the plaintiffs appearing by their attorneys, Velikanje & Velikanje, E. E. Wager and Ralph Kauffman, and the defendants appearing by their attorneys, Cheney & Hutcheson; and each side having introduced oral testimony and having rested, and the Court having heard the evidence and arguments of counsel, the request of the plaintiffs having been for an injunction pendente lite;

"IT IS HEREBY ORDERED that the request of the plaintiffs is hereby denied, and that an injunction pending the outcome of the suit will not be granted.

"SIGNED IN OPEN COURT, this 11th day of December, 1937.                            ROBERT J. WILLIS
                                                              JUDGE."

"The plaintiffs having appeared before the Court, by their attorneys, Velikanje & Velikanje, and having orally moved for an Order of Dismissal;

"IT IS HEREBY ORDERED AND ADJUDGED that the above entitled action be, and the same is hereby dismissed, without prejudice, and with costs to the defendants.

"SIGNED IN OPEN COURT, this 11th day of December, 1937.                            ROBERT J. WILLIS
                                                              JUDGE."

The notice of appeal reads as follows:

"YOU AND EACH OF YOU ARE HEREBY NOTIFIED that the defendants herein do hereby appeal to the Supreme Court of the State of Washington from that certain order entered herein on December 11, 1937, insofar as the same fails and refuses to allow defendants recovery against plaintiffs and their cash bond herein for reasonable attorney's fees, costs and witness fees in-

curred herein by the defendants, and from each and every order, ruling and decision of the court herein which is adverse to these defendants."

It will be noted that the notice does not identify the order appealed from, nor are we able to determine from their content which of the two orders of December 11th is intended, since neither of them appears on its face to contain anything unfavorable to the appellants.

The appellants assign but one error. It is stated as follows:

"The trial court erred in failing and refusing to allow defendants recovery against plaintiffs or their cash bond of damages or reasonable attorney's fees."

The fees are claimed upon the ground that the appellants' attorneys procured the dissolution of an injunction.

In *Hecla Mining Co. v. Smith*, 136 Wash. 148, 238 Pac. 996, it appears that Sarah E. Smith brought a previous action against the mining company and asked for an emergency restraining order and injunction *pendente lite*. A temporary restraining order was granted on condition that she post a bond for ten thousand dollars. This was done. The order fixed a time and place and required defendant to then and there appear and show cause why an injunction pending the suit should not be granted. The defendant appeared on the return day, and thereafter from time to time, according to orderly continuances, testimony was taken on behalf of the parties, at the conclusion of which the court announced that the injunction *pendente lite* would be denied, whereupon the defendants moved that the temporary restraining order be dissolved, and thereupon an order was entered denying the application for an injunction *pendente lite* and setting aside the temporary restraining order theretofore issued. On the next day, an order was entered, dismissing the

action. Thereafter, the mining company brought suit on the bond. It appeared that it had incurred counsel fees in the matter amounting to fifteen thousand dollars. The court held, however, that they had not been incurred in dissolving an injunction, but in resisting the issuance of an injunction *pendente lite,* and this, although, as has been seen, the order at the close of the hearing set aside the temporary restraining order. Recovery on the bond was denied.

In this action, the appellants are, in effect, proceeding against the cash bond. In this action, as in the *Hecla Mining Co.* case, the plaintiff asked for a temporary restraining order and an injunction *pendente lite.* This was granted upon the posting of the cash bond and a time and place fixed for the hearing of the application for the injunction. The defendants moved to dissolve the order, however fixing the time for hearing the matter at 9:30 a. m. on December 4th. That was the exact time fixed for the hearing of the show cause order.

In *Kastner v. Algase,* 130 Wash. 362, 227 Pac. 504, a similar temporary restraining order restrained the defendants "until the further order of this court." The court held that, nevertheless, it expired at the time set for the hearing.

"The words 'until the further order of this court' did not change the nature of the order nor serve to give it life when its office was fully performed. Not having moved against the restraining order or sought its dissolution until the time when it must expire without any action on their part, appellants cannot be said to have expended anything in securing the dissolution of the restraining order."

In this case, the appellants were restrained, not until the further order of the court, but "until the hearing of this show cause order."

Was the hearing of December 4th devoted to the question of dissolving the restraining order or to the question as to whether an injunction *pendente lite* should issue? The appellants contend that it involved the dissolution of the temporary restraining order. Such indications as appear in the record are all to the contrary. In the absence of the statement of facts, we must draw our conclusion as to this matter from the orders the trial judge made and from the orders which he refused to make. As we have seen, he refused to sign an order presented by some of the defendants, which contained a recital setting aside the temporary restraining order, and did sign an order reciting that, as a result of the hearing of December 4th, he denied the application for an injunction *pendente lite*. Nor can we see how he could have very well ordered the dissolution of the temporary restraining order. It had expired by limitation before anything came on to be heard concerning it.

In our opinion, the mere fact that appellants served and filed motions to dissolve does not prevent the application of the rule laid down in the *Kastner* case. They did not effectively move against the restraining order, to quote the language of the *Kastner* case, "until the time when it must expire without any action on their part." Its life was not shortened by one moment by anything they did, and, again quoting from the *Kastner* case, "appellants cannot be said to have expended anything in securing the dissolution of the restraining order."

The appellants place some reliance upon Laws of 1933, Ex. Ses., chapter 7, § 7, p. 13, Rem. Rev. Stat. (Sup.), § 7612-7 [P. C. § 3467-27]. But this section was expressly held unconstitutional in *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P. (2d) 397.

As we find nothing in the record showing that either order entered on December 11th was erroneously entered, it must follow that the order appealed from must be affirmed.

BEALS and SIMPSON, JJ., concur.

BLAKE and MILLARD, JJ., concur in the result.